

**THE CITY OF NEW YORK**

**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL M. BRAUN**
Senior Counsel
Phone: (212) 356-2659
Fax: (212) 788-9776
dbraun@law.nyc.gov

December 8, 2021

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

           Re:  **Lucy York v. City of New York, et al.**, 22 CV 6432 (CBA)(VMS)

Your Honor:

        I am a Senior Counsel in the office of the Hon. Sylvia Hinds-Radix, Corporation Counsel of the City of New York, newly assigned to represent defendant City of New York in the above-referenced matter. I to respectfully request a 60-day enlargement of time *nunc pro tunc* from December 8, 2021 until February 6, 2023 within which the defendant City will answer or otherwise respond to the complaint. This is the City's first request for such an extension. Plaintiff consents to defendant City's request.

        By way of background, the plaintiff's Complaint alleges unlawful seizure / false arrest, excessive force, First Amendment violations and retaliation, Due Process violations, Equal Protection and selective enforcement, deprivation of fair trial rights, malicious prosecution, municipal liability,  as well as state law claims of violations of the New York State Constitution, assault, battery, false imprisonment and unreasonable detention, intentional infliction of emotional distress, negligent training and supervision, excessive detention, malicious prosecution, violations of New York State Civil Rights Law Sections 40-c and 40-d, violations of New York City Human Rights Law, and violations of the New York City Administrative Code's ban on bias-based profiling.

        Specifically, plaintiff alleges that on July 24, 2021 at around 2:00 p.m., she joined a group of protesters at or near 1083 Broadway in Brooklyn, NY. She claims that NYPD officers surrounded the group of protesters. Plaintiff claims that the NYPD played an LRAD recording ordering the group to disperse, without enabling them to do so. Plaintiff, who claims she walks with the assistance of a cane, alleges that defendant Garcia pushed her repeatedly, and that she then held her cane horizontally across her body to deter P.O. Garcia from continuing to push her.

Plaintiff alleges that an NYPD supervisor at some point commanded the arrest of the protestors, and that P.O. Garcia and John Doe 1 threw plaintiff hard onto the street. She claims she was cuffed and slammed into the side of a car by Does 2 and 3. Plaintiff alleges that John Doe 2 then searched inside the front of her pants and grazed against her genitals through her underwear multiple times. Plaintiff claims that she cried and said she was a transgender woman being inappropriately searched by male officers, but that the officer ridiculed her and continued his search. Plaintiff further claims that in retaliation for her complaints, her cuffs were punitively tightened. She additionally alleges that at the 72nd Precinct, a man was brought into her cell despite plaintiff making clear that she identifies as, and is, a woman. Plaintiff claims that NYPD members misgendered her. Plaintiff claims that at around 11:00 p.m., she was released with a Desk Appearance Ticket. Plaintiff alleges that the criminal charges were adjourned in contemplation of dismissal and eventually dismissed.

Based on these allegations, there are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the Complaint. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to N.Y. Crim. Pro. L. § 160.50. Accordingly, Plaintiff's counsel has recently forwarded to our office an executed consent and authorization form for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, evaluate the claims in the Complaint, and properly respond to the allegations therein. In addition, given Plaintiff's allegations that she suffered physical and psychological damages as a result of the incident, defendants will require an executed consent and authorization for the release of any records of medical treatment.

Finally, according to the civil docket sheet, the individually named defendant, Police Officer Jorge Garcia, has been served with process in this case. Assuming that Police Officer Garcia has been properly served, this enlargement may also allow this Office time to conduct an inquiry to determine whether it will represent him in this action. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Finally, as this Office has not assumed representation for Police Officer Said, this request is not made on his behalf. However, given the time involved in determining the representation of a member of the New York City Police Department, and in the interest of judicial economy, we hope that the court will, *sua sponte* and *nunc pro tunc*, enlarge his time to respond as well.

Based on the foregoing, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to February 6, 2023. Upon information and belief, this extension will not affect any other scheduled dates in this litigation.

Thank you for your time and consideration.

                                                    Respectfully submitted,

                                                           /s/

                                                    Daniel M. Braun
                                                  Senior Counsel

CC:    Gideon O. Oliver, Esq. (BY ECF)
           Elena L. Cohen, Esq. (BY ECF)
           Remy Green, Esq. (BY ECF)