

September 11, 2023

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

  Re: <u>York v. City of New York</u>, 22-cv-06432

Dear Judge Scanlon:

  I am co-counsel for Plaintiff in the case above. With Defendants' consent, and sincere apologies, I write to ask to adjourn the pending settlement conference, and with it, the deadline for *ex parte* letters. *See* July 14, 2023 Minute Order (setting 9/19/2023 for a settlement conference, and 9/12/2023 for *ex parte* letters).

  Since the last conference, despite a number of issues, On (or about) August 15, 2023, Plaintiff finally was able to actually have the x-rays taken that are holding this process up.[1] Our office received the collection of records we had expected to contain the x-rays and write up Friday evening, but instead, they were missing. This appears to be because of some miscommunication over which facility the x-ray was taken at (as opposed to which facility ordered them), but we are moving as fast as humanly possible to get these records.[2] Defendants, as noted above, graciously consented to this extension, and only ask that they have sufficient time to write up the case after receiving the medical records and demand.

  We again apologize this is taking the time it is, and appreciate the Court's understanding.

---

[1] Even that was apparently an issue — apparently, when Plaintiff went to have the x-ray done, the lab said they did not have any referral in their file and tried to turn her away. She was ultimately able to convince them to do the x-ray by showing them the referrals in her phone.

[2] I should also note that I have not been as on top of this as I might otherwise have been. My father was recently, suddenly, and unexpectedly diagnosed with stage 4 pancreatic cancer and passed away less than a month later at the end of July. During his time in the hospital and thereafter, I was out of the office, and then have been working at less than full capacity since then. While that did not directly interfere with the proceedings here, I would like to think that I would have been more aggressive and more prompt in attempting to get the actual x-ray records following August 15; and would have figured out the miscommunication that led to our office not realizing that we were requesting the records from the referring facility, rather than the imaging facility.



      Per the Court's Individual Practices, we propose holding the settlement conference on any of October 26, 27, or 30, 2023[3] — with the *ex parte* letters due a week in advance.

      Finally, because of the time this has taken, the parties ask to adjourn the current tentative end of discovery set for September 22, 2023 for 90 days — allowing at least some time for discovery should the case not settle. If granted, that places the close of discovery on December 21, 2024. Relatedly, that would move expert initial disclosures to January 22, 2023; reports to February 22, 2023, rebuttal reports March 22, 2023; and expert depositions and the letter certifying the close of all discovery until April 22, 2023.

      As ever, we thank the Court for its time and consideration.

      Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

[3] I will be traveling in mid-October and visiting my mother among other things (*see* n. 2), or we would propose earlier dates.



Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com