

June 3, 2024

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

      Re:    <u>Lucy</u> <u>York v. City of New York</u>, 22-cv-06432

Dear Judge Scanlon:

      My firm is co-counsel to the Plaintiff in the case above. This letter is, in the alternative either (1) a request the Court allow slightly more time for the parties to confer in identifying the final John Doe Defendant or (2) direct production of relevant documents, prior to the relevant statute of limitations: July 24, 2024.

      Defendants take no position as to the first request, and oppose the second.

      As the Court may recall, the parties previously were working to "cooperate and use best efforts to identify the remaining John Doe Officer" (ECF No. 25 at 2), as the parties had identified the other 6 members of the NYPD to be named.[1] However, for the remaining John Doe Officer — whom the parties have been calling "John Doe 1b"[2] — Defendants say their efforts have been unsuccessful.

      The parties met and conferred on this issue, and there are some clear next steps and documents Defendants intend to collect (such as duty rosters) — and it appears there is some body-worn camera footage Defendants may have that Plaintiff has not had the chance to review, which may also prove helpful.[3] Plaintiff, for her part, is optimistic this process will be successful — the parties have been successful with the other 6 Does, and the last meet and confer was productive in terms of working together on this issue.

---

[1] Pursuant to the Court's April 29, 2024 Minute Order, Plaintiff intends to file an amended complaint naming those six Defendants this Wednesday, June 5, 2024.

[2] Plaintiff drafted her complaint prior to receiving any body-worn camera (or other) footage. Upon reviewing footage, it appears the actions alleged to be taken by one person identified as "John Doe 1" in the complaint actually were done by three different people, which the parties broke does as John Does 1a, 1b, and 1c. The parties have successfully identified John Does 1a and 1b.

[3] That is, when the parties met, Defendants' counsel was not sure exactly what footage was reviewed in the earlier efforts to identify the Does. Since only two videos from Jorge Garcia's BWC that have been disclosed to Plaintiff to date, and more officers have been identified since that production, either there are more videos for Plaintiff to review, or there are more videos for everyone to review.



With that said, the deadline for Plaintiff to "file a motion seeking [documents] after meeting and conferring with Defendants" if "Plaintiff believes some document requires expedited production to accomplish" identification of the John Does is today. *See* ECF No. 25 at 2.[4] And there are documents that typically allow identification of John Does — set out in a list in the appendix that follows this letter. These records are not necessarily exhaustive, but are necessary starting points in identifying Does when conversations with officers do not immediately produce results. For example, Roll Calls (item 5) and Detail Rosters (item 4) typically drastically limit the potential people who could be the relevant John Doe, particularly when combined with demographic characteristics. We understand from conferring with Defendants that they have not pulled Roll Calls or Detail Rosters for the relevant protest yet — so that step seems necessary, whether in simply allowing Defendants time to finish their own investigation, or as a production to Plaintiff.

The operative statute runs on July 24, 2024. So while the statute is approaching, there is also sufficient time to try to allow this issue to be resolved without motion practice.

Thus, Plaintiff asks the Court to order either (1) that the parties should continue to confer, and Plaintiff may file a motion if it proves necessary by July 1, 2024, or (2) grant this as a motion, and require Defendants to produce all documents in the appendix on or before July 1, 2024.[5]

As always, I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

[4] Since this portion was not in the "modifications" the Court made to the proposed schedule in its April 29, 2024 Minute Order, Plaintiff understands it to be in place as set out in the letter unmodified.

[5] The records in the appendix would be covered by Plaintiff's document requests, which Defendants have not responded to yet.



Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



**APPENDIX:  Documents Useful in Identifying NYPD Does**

1) Arrest records generated by Defendants, including as a result of Plaintiff's arrest (including Plaintiff's handcuffing), such as, but not limited to:

    a) TRI and other use of force report(s)
    b) Digital arrest processing photograph(s)
    c) Mass Arrest Pedigree Label(s)
    d) Mass Arrest Processing Center ("MAPC") intake, processing, and release records;
    e) C-Summons(es);
    f) Online Booking System ("OLBS") Report(s)
    g) Complaint(s);
    h) Desk Appearance Ticket(s); and
    i) Criminal Court Complaint(s)

2) Body-worn camera footage from the Defendants and NYPD members identified in Plaintiff's arrest records, as well as all footage that was recorded at the same date, time, and location of Plaintiff's arrest

3) Activity Log (memo book) entries from the Defendants and NYPD members identified in Plaintiff's arrest records

4) Detail Rosters including the names of the Defendants and NYPD members identified in Plaintiff's arrest records from the date of the incident

5) Roll Calls including the names of the Defendants and NYPD members identified in Plaintiff's arrest records from the date of the incident

6) Records arising from any investigation related to Plaintiff's arrest (for example, by the Office of the Mayor ("OTM"), the NYPD's Internal Affairs Bureau ("IAB"), the New York City Civilian Complaint Review Board ("CCRB"), the Office of the Attorney General of the State of New York ("OAG"), the New York City Department of Investigation ("DOI"), or any prosecutor)

7) Request for Detail and other internal NYPD communications reflecting resources deployed to the date, time, and location of Plaintiff's arrest

8) Documents sufficient to identify the Incident Commander(s) and any members of the NYPD's Strategic Response Group ("SRG") or Legal Bureau who were present at the date, time, and location of Plaintiff's arrest

9) Detail rosters reflecting the NYPD resources that were deployed to the date, time, and location of Plaintiff's arrest

COHEN&GREEN                                                                                              Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



10) Operations Unit records reflecting the NYPD resources that were deployed to the date, time, and location of Plaintiff's arrest

11) Overtime records reflecting the NYPD resources that were deployed to the date, time, and location of Plaintiff's arrest

12) Recordings of NYPD communications (including on Citywide and other channels) related to the date, time, and location of Plaintiff's arrest

13) Any 49's/Unusual Occurrence Report(s) related to the date, time, and location of Plaintiff's arrest

14) Mass Arrest Report related to the date, time, and location of Plaintiff's arrest

15) Other arrest-related records (such as summonses, OLBS reports, etc.) from the date, time, and location of Plaintiff's arrest related to third-party arrestees

16) Records documenting uses of force from the date, time, and location of Plaintiff's arrest

17) Logs from any Command Post that was in operation related to the police operation that led to Plaintiff's arrest

18) Body-worn camera footage from each NYPD member named in any Mass Arrest Report or other arrest records arising from the date, time, and location of Plaintiff's arrest

19) NYPD TARU footage, NYPD Aviation footage, ARGUS camera footage, DOT camera footage, and other camera footage arising from the date, time, and location of Plaintiff's arrest

20) Mass Arrest Processing Center (or "MAPC") records arising from third-party arrests made at around the date, time, and location of Plaintiff's arrest

21) Records relating to any investigation arising from events that occurred around the date, time, and location of Plaintiff's arrest (for example, by the OTM, IAB, CCRB, OIG, DOI, or any prosecutor)

COHEN&GREEN                                                                                                                   Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com