

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | Peter Scutero<br>*Senior Counsel*<br>pscutero@law.nyc.gov<br>Phone: (212) 356-2410<br>Fax: (212) 356-1148 |

July 11, 2024

**By ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Lucy York v. The City of New York et al.,* 22-cv-06432 (OEM)(VS)

Your Honor:

  I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney for defendants City of New York and Officer Jorge Garcia in the above-referenced matter. I write to respectfully request a sixty day enlargement, *nunc pro tunc*, of time from June 25, 2024 until August 26, 2024 within which the newly named defendants, Officer Leonel Giron, Officer Justin Schivek, Sergeant Thomas Quevedo, and Assistant Chief Joseph Gulotta will answer or otherwise respond to the first amended complaint, and a twenty-four day enlargement, *nunc pro tunc*, of time from June 18, 2024 until July 12, 2024 for defendants City and Officer Garcia to answer the first amended complaint. This is the first request for such an extension to answer the first amended complaint. Plaintiff has consented to the enlargements.

  By way of background, plaintiff's first amended complaint alleges unlawful seizure/false arrest, excessive force, municipal liability, among a number of other claims arising from plaintiff's arrest on July 24, 2021.

  Specifically, plaintiff alleges that on July 24, 2021 at around 2:00 p.m., she joined a group of protestors at or near 1083 Broadway in Brooklyn, NY. She claims that NYPD officers surrounded the group of protestors. Plaintiff claims that the NYPD played an LRAD recording ordering the group to disperse, without enabling them to do so. Plaintiff, who claims she walks with the assistance of a cane alleges that defendant Garcia pushed her repeatedly, and that she then held her cane horizontally across her body to deter P.O. Garcia from continuing to push her. Plaintiff alleges that an NYPD supervisor at some point commanded the arrest of the protestors, and that Offices Garcia, Quevedo, and John Doe 1b threw plaintiff onto the street. She claims she

was cuffed and slammed into the side of a car by Officers Giron, Schivek, and Quevedo. Plaintiff alleges that Officer Giron then searched inside the front of her pants and grazed against her genitals through her underwear multiple times. Plaintiff claims that she cried and said she was a transgender woman being inappropriately searched by male officers, but that the officer ridiculed her and continued his search. Plaintiff further claims that in retaliation for her complaints, her cuffs were punitively tightened. She additionally alleges that at the 72nd Precinct, a man was brought into her cell despite plaintiff making clear that she identifies as, and is, a woman. Plaintiff claims that NYPD members misgendered her. Plaintiff claims that at around 11:00 p.m., she was released with a Desk Appearance Ticket.  Plaintiff alleges that the criminal charges were adjourned in contemplation of dismissal and eventually dismissed.

Based on these allegations, there are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the first amended complaint.

According to the civil docket sheet, the newly named defendants, Officer Leonel Giron, Officer Justin Schivek, Sergeant Thomas Quevedo, and Assistant Chief Joseph Gulotta, have been served with process in this case. Assuming that these officers have been properly served, this enlargement may also allow this Office time to conduct an inquiry to determine whether it will represent in this action.  See General Municipal Law Section 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  As this Office has not assumed representation for Officer Leonel Giron, Officer Justin Schivek, Sergeant Thomas Quevedo, and Assistant Chief Joseph Gulotta, this request is not made on their behalf.  However, given the time involved in determining the representation of a member of the New York City Police Department, and in the interest of judicial economy, we hope that the court will, *sua sponte*, enlarge their time to respond.

Based on the foregoing, we respectfully request that Officer Giron's, Officer Schivek's, Sergeant Quevedo's, and Assistant Chief Gulotta's time to answer or otherwise respond to the first amended complaint be extended from July 5, 2024 until September 5, 2024.  While this request does not run afoul of the November 12, 2024, due to the addition of new defendants to this case, we anticipate that this enlargement will affect the discovery schedule set by the Court on June 11, 2024.

Additionally, defendants City and Officer Garcia respectfully request that their time to answer or otherwise respond to the first amended complaint be extended from June 18, 2024 until July 12, 2024.  An enlargement is necessary because counsel mistakenly calendared the answer date to the following month.

Thank you for your time and consideration of this request.

Respectfully submitted,

*Peter Scutero* /s

*Senior Counsel*
Special Federal Litigation Division

cc: ALL COUNSEL (via ECF)

3