UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

LUCY YORK,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD OFFICER JORGE
GARCIA; NYPD OFFICER LEONEL O. GIRON (SHIELD
NO. 21368, TAX ID. NO. 959658); NYPD OFFICER
JUSTIN M. SCHIVEK (SHIELD NO. 13458, TAX ID. NO.
957141); NYPD SERGEANT THOMAS W. QUEVEDO
(PREVIOUSLY SHIELD NO. 5154, NOW SHIELD NO.
2770, TAX ID. NO. 951094); NYPD ASSISTANT CHIEF
JOSEPH GULOTTA, TAX ID 904089, and NYPD
MEMBER JOHN DOE 1B,

                                         Defendants.

---------------------------------------------------------------------------- x

**ANSWER ON BEHALF OF THE CITY OF NEW YORK AND OFFICER JORGE GARCIA TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

22-CV-6432 (CBA)(VMS)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and Officer Jorge Garcia ("Defendants"), by their attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, as and for their answer to the first amended complaint, respectfully alleges as follows:

        1.      Deny the allegations set forth in paragraph "1" of the first amended complaint, except admit only that plaintiff purports to bring this action as set forth therein.

        2.      Deny the allegations set forth in paragraph "2" of the first amended complaint, except admit only that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3.      Deny the allegations set forth in paragraph "3" of the first amended complaint, except admit only that plaintiff purports to lay venue as set forth therein.

        4.      Deny the allegations set forth in paragraph "4" of the first amended complaint, except admit only that a document purporting to be a Notice of Claim from plaintiff was received by the Comptroller's Office on or about October 21, 2021.

5.      Deny the allegations set forth in paragraph "5" of the first amended complaint, except admit that no payment has been made on the claims.

6.      Deny the allegations set forth in paragraph "6" of the first amended complaint.

7.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the first amended complaint.

8.      Deny the allegations set forth in paragraph "8" of the first amended complaint, except admit only that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department and state that the remaining allegations set forth therein constitute conclusions of law to which no response is required.

9.      Deny the allegations set forth in paragraph "9" of the first amended complaint, except admit that Officer Jorge Garcia was assigned Shield No. 284, Tax Id. No. 938528, and command 172 on the date of the alleged incident, and further admit that Officer Garcia's name appears on plaintiff's Desk Appearance Ticket as the arresting officer. Defendants further state that the allegations set forth in paragraph "9" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

10.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the first amended complaint, except admit that Officer Leonel O. Giron was assigned Shield No. 21368, Tax ID No. 959658.

11.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the first amended complaint, except admit that Officer Justin M. Schivek was assigned Shield No. 13458, Tax ID No. 957141.

12.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "12" of the first amended complaint, except admit that Sergeant Thomas W.

Quevedo was previously assigned Shield No. 5154, and is now assigned Shield No. 2770, and Tax ID No. 951094.

13.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the first amended complaint, except admit that Assistant Chief Joseph Gulotta was assigned Tax ID No. 904089.

14.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the first amended complaint.

15.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the first amended complaint.

16.    Deny the allegations set forth in paragraph "16" of the first amended complaint, except admit that plaintiff purports to sue each individual defendant as stated therein.

17.    Deny the allegations set forth in paragraph "17" of the first amended complaint.

18.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the first amended complaint, except admit that Officer Garcia, Officer Schivek, Sergeant Quevedo, and Assistant Chief Gulotta were employed by the City of New York as members of the NYPD on the date of the alleged incident.

19.    State that the allegations set forth in paragraph "19" of the first amended complaint are legal conclusions to which no response is required.

20.    State that the allegations set forth in paragraph "20" of the first amended complaint are legal conclusions to which no response is required.

21.    State that the allegations set forth in paragraph "21" of the first amended complaint are legal conclusions to which no response is required.

22.    Deny the allegations set forth in paragraph "22" of the first amended complaint.

23.     Deny the allegations set forth in paragraph "23" of the first amended complaint.

24.     Deny the allegations set forth in paragraph "24" of the first amended complaint.

25.     Deny the allegations set forth in paragraph "25" of the first amended complaint, and deny the allegations set forth in Footnotes 1 and 2. Defendants further state that the allegations set forth in paragraph "25" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

26.     Deny the allegations set forth in paragraph "26" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "26" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

27.     Deny the allegations set forth in paragraph "27" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "27" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

28.     Deny the allegations set forth in paragraph "28" of the first amended complaint.

29.     Deny the allegations set forth in paragraph "29" of the first amended complaint.

30.     Deny the allegations set forth in paragraph "30" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "30" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

31.     Deny the allegations set forth in paragraph "31" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "31" of the first amended

complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

32.     Deny the allegations set forth in paragraph "32" of the first amended complaint.

33.     Deny the allegations set forth in paragraph "33" of the first amended complaint, and respectfully refer the Court to the Order referenced therein for its full content and context.

34.     Deny the allegations set forth in paragraph "34" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "34" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

35.     Deny the allegations set forth in paragraph "35" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "35" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

36.     Deny the allegations set forth in paragraph "36" of the first amended complaint and in Footnote 3. Defendants respectfully refer the Court to the reports cited therein for the full content and context.

37.     Deny the allegations set forth in paragraph "37" of the first amended complaint and in Footnote 4. Defendants respectfully refer the Court to the report cited therein for the full content and context.

38.     Deny the allegations set forth in paragraph "38" of the first amended complaint, and respectfully refer the Court to the report referenced therein for its full content and context.

39.     Deny the allegations set forth in paragraph "39" of the first amended complaint, and respectfully refer the Court to the report referenced therein for its full content and context.

40.     Deny the allegations set forth in paragraph "40" of the first amended complaint, and respectfully refer the Court to the report referenced therein for its full content and context.

41.     Deny the allegations set forth in paragraph "41" of the first amended complaint and Footnote 5, and respectfully refer the Court to the report referenced therein for its full content and context.

42.     Deny the allegations set forth in paragraph "42" of the first amended complaint and Footnote 6, and respectfully refer the Court to the report referenced therein for its full content and context.

43.     Deny the allegations set forth in paragraph "43" of the first amended complaint, and respectfully refer the Court to the report referenced therein for its full content and context.

44.     Deny the allegations set forth in paragraph "44" of the first amended complaint, and respectfully refer the Court to the report referenced therein for its full content and context.

45.     Deny the allegations set forth in paragraph "45" of the first amended complaint, and respectfully refer the Court to the report referenced therein for its full content and context.

46.     Deny the allegations set forth in paragraph "46" of the first amended complaint and Footnote 7, and respectfully refer the Court to the report referenced therein for its full content and context.

47.     Deny the allegations set forth in paragraph "47" of the first amended complaint and Footnote 8, and respectfully refer the Court to the report referenced therein for its full content and context.

48.     Deny the allegations set forth in paragraph "48" of the first amended complaint and Footnote 9, and respectfully refer the Court to the report referenced therein for its full content and context.

49.     Deny the allegations set forth in paragraph "49" of the first amended complaint and Footnote 10, and respectfully refer the Court to the report referenced therein for its full content and context.

50.     Deny the allegations set forth in paragraph "50" of the first amended complaint and Footnote 11, and respectfully refer the Court to the articles referenced therein for its full content and context.

51.     Deny the allegations set forth in paragraph "51" of the first amended complaint, and respectfully refer the Court to the matter referenced therein for its full content and context.

52.     Deny the allegations set forth in paragraph "52" of the first amended complaint and Footnote 12, and respectfully refer the Court to the article referenced therein for its full content and context.

53.     Deny the allegations set forth in paragraph "53" of the first amended complaint and Footnote 13, and respectfully refer the Court to the matter and article referenced therein for their full content and context.

54.     Deny the allegations set forth in paragraph "54" of the first amended complaint and Footnote 14, and respectfully refer the Court to the video and article referenced therein for their full content and context.

55.     Deny the allegations set forth in paragraph "55" of the first amended complaint and Footnote 15, and respectfully refer the Court to the video and article referenced therein for their full content and context.

56.     Deny the allegations set forth in paragraph "56" of the first amended complaint.

57.     Deny the allegations set forth in paragraph "57" of the first amended complaint and Footnote 16, and respectfully refer the Court to the article referenced therein for its full content and context.

58.     Deny the allegations set forth in paragraph "58" of the first amended complaint and Footnote 17, and respectfully refer the Court to the article referenced therein for its full content and context.

59.     Deny the allegations set forth in paragraph "59" of the first amended complaint and Footnote 18, and respectfully refer the Court to the article referenced therein for its full content and context.

60.     Deny the allegations set forth in paragraph "60" of the first amended complaint.

61.     Deny the allegations set forth in paragraph "61" of the first amended complaint and Footnote 19, and respectfully refer the Court to the matter referenced therein for its full content and context.

62.     Deny the allegations set forth in paragraph "62" of the first amended complaint and Footnote 20, and respectfully refer the Court to the matter referenced therein for its full content and context.

63.     Deny the allegations set forth in paragraph "63" of the first amended complaint and Footnote 21, and respectfully refer the Court to the data referenced therein for its full content and context.

64.     Deny the allegations set forth in paragraph "64" of the first amended complaint and Footnote 22, and respectfully refer the Court to the data referenced therein for its full content and context. Defendants further state that the allegations set forth in paragraph "64" of the first

amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

65.     Deny the allegations set forth in paragraph "65" of the first amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the first amended complaint, and respectfully refer the Court to the letter and reports referenced therein for their full content and context.

67.     Deny the allegations set forth in paragraph "67" of the first amended complaint, and respectfully refer the Court to the letter and reports referenced therein for their full content and context.

68.     Deny the allegations set forth in paragraph "68" of the first amended complaint, and respectfully refer the Court to the report referenced therein for its full content and context.

69.     Deny the allegations set forth in paragraph "69" of the first amended complaint, and respectfully refer the Court to the letter and reports referenced therein for their full content and context.

70.     Deny the allegations set forth in paragraph "70" of the first amended complaint.

71.     Deny the allegations set forth in paragraph "71", except admit only that plaintiff purports to plead as set forth therein.

72.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "72" of the first amended complaint.

73.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "73" of the of the first amended complaint.

74.     Deny the allegations set forth in paragraph "74" of the first amended complaint.

75.     Deny the allegations set forth in paragraph "75" of the first amended complaint.

76.     Deny the allegations set forth in paragraph "76" of the first amended complaint.

77.     Deny the allegations set forth in paragraph "77" of the first amended complaint.

78.     Deny the allegations set forth in paragraph "78" and footnote 24 of the first amended complaint and all subparts thereof, and further state that the allegations set forth in paragraph "78" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct, except admit only that plaintiff purports to plead as set forth therein.  Defendants respectfully refer the Court to the OIG Report referenced therein for its full content and context.

79.     Deny the allegations set forth in paragraph "79" of the first amended complaint and respectfully refer the Court to the OIG Report referenced therein for its full content and context.

80.     Deny the allegations set forth in paragraph "80" of the first amended complaint.

81.     Deny the allegations set forth in paragraph "81" of the first amended complaint and respectfully refer the Court to the OIG Report referenced therein for its full content and context.

82.     Deny the allegations set forth in paragraph "82" of the first amended complaint and respectfully refer the Court to the OIG Report referenced therein for its full content and context.

83.     Deny the allegations set forth in paragraph "83" of the first amended complaint and Footnote 25, and respectfully refer the Court to the reports referenced therein for its full content and context.

84.     Deny the allegations set forth in paragraph "84" of the first amended complaint and all subparts thereof, and respectfully refer the Court to the matters referenced therein for their full content and context. Defendants further state that the allegations set forth in paragraph "84" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

85.     Deny the allegations set forth in paragraph "85" of the first amended complaint and all subparts thereof, and respectfully refer the Court to the matters referenced therein for their full content and context. Defendants further state that the allegations set forth in paragraph "85" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

86.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "86" of the first amended complaint.

87.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "87" of the first amended complaint.

88.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "88" of the first amended complaint.

89.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "89" of the first amended complaint.

90.     Admit the allegations set forth in paragraph "90" of the first amended complaint.

91.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "91" of the first amended complaint.

92.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "92" of the first amended complaint.

93.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "93" of the first amended complaint.

94.     Deny the allegations set forth in paragraph "94" of the first amended complaint.

95.     Deny the allegations set forth in paragraph "95" of the first amended complaint.

96.     Deny the allegations set forth in paragraph "96" of the first amended complaint.

97. Deny the allegations set forth in paragraph "97" of the first amended complaint.

98. Deny the allegations set forth in paragraph "98" of the first amended complaint, except admit that plaintiff held a cane across her body.

99. Deny the allegations set forth in paragraph "99" of the first amended complaint.

100. Deny the allegations set forth in paragraph "100" of the first amended complaint, except admit that plaintiff held a cane across her body.

101. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "101" of the first amended complaint.

102. Deny the allegations set forth in paragraph "102" of the first amended complaint.

103. Deny the allegations set forth in paragraph "103" of the first amended complaint.

104. Deny the allegations set forth in paragraph "104" of the first amended complaint, except admit that Officer Garcia applied zip-tie plastic handcuffs to plaintiff.

105. Deny the allegations set forth in paragraph "105" of the first amended complaint, except admit that those cuffs were applied appropriately.

106. Deny the allegations set forth in paragraph "106" of the first amended complaint, except admit that Officer Garcia helped plaintiff onto her feet.

107. Deny the allegations set forth in paragraph "107" of the first amended complaint.

108. Deny the allegations set forth in paragraph "108" of the first amended complaint.

109. Deny the allegations set froth in paragraph "109" of the first amended complaint.

110. Deny the allegations set forth in paragraph "110" of the first amended complaint, except admit only that plaintiff purports to plead as set forth therein.

111. Deny the allegations set forth in paragraph "111" of the first amended complaint, except admit that Officer Giron conducted a search.

112.    Deny the allegations set forth in paragraph "112" of the first amended complaint.

113.    Deny the allegations set forth in paragraph "113' of the first amended complaint.

114.    Deny the allegations set forth in paragraph "114" of the first amended complaint.

115.    Deny the allegations set forth in paragraph "115" of the first amended complaint.

116.    Deny the allegations set forth in paragraph "116" of the first amended complaint.

117.    Deny the allegations set forth in paragraph "117" of the first amended complaint.

118.    Deny the allegations set forth in paragraph "118" of the first amended complaint.

119.    Deny the allegations set forth in paragraph "119" of the first amended complaint.

120.    Deny the allegations set forth in paragraph "120" of the first amended complaint.

121.    Deny the allegations set forth in paragraph "121" of the first amended complaint.

122.    Deny the allegations set forth in paragraph "122" of the first amended complaint.

123.    Deny the allegations set forth in paragraph "123" of the first amended complaint.

124.    Deny the allegations set forth in paragraph "124" of the first amended complaint.

125.    Deny the allegations set forth in paragraph "125" of the first amended complaint, and respectfully refer the Court to the video referenced therein for its full content and context.

126.    Deny the allegations set forth in paragraph "126" of the first amended complaint and all subparts thereof, and further state that the allegations set forth in paragraph "78" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

127.    Deny the allegations set forth in paragraph "127" of the first amended complaint.

128.    Deny the allegations set forth in paragraph "128" of the first amended complaint.

129.    Deny the allegations set forth in paragraph "129" of the first amended complaint.

130.    Deny the allegations set forth in paragraph "130" of the first amended complaint.

131.    Deny the allegations set forth in paragraph "131" of the first amended complaint.

132.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "132" of the first amended complaint.

133.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "133" of the first amended complaint.

134.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "134" of the first amended complaint.

135.    The allegations set forth in paragraph "135" of the first amended complaint are legal conclusions to which no response is required.

136.    Deny the allegations set forth in paragraph "136" of the first amended complaint.

137.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "137" of the first amended complaint.

138.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "138" of the first amended complaint.

139.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "139" of the first amended complaint.

140.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "140" of the first amended complaint.

141.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "141" of the first amended complaint.

142.    The allegations set forth in paragraph "142" of the first amended complaint are legal conclusions to which no response is required.

143.    The allegations set forth in paragraph "143" of the first amended complaint are legal conclusions to which no response is required.

144.    Deny the allegations set forth in paragraph "144" of the first amended complaint, except admit that not all officers were supplied with the tools to remove flexcuffs.

145.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "145" of the first amended complaint.

146.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "146" of the first amended complaint.

147.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "147" of the first amended complaint.

148.    The allegations set forth in paragraph "148" of the first amended complaint are legal conclusions to which no response is required.

149.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "149" of the first amended complaint.

150.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "150" of the first amended complaint.

151.    The allegations set forth in paragraph "151" of the first amended complaint are legal conclusions to which no response is required.

152.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "152" of the first amended complaint.

153.    Deny the allegations set forth in paragraph "153" of the first amended complaint.

154.    Deny the allegations set forth in paragraph "154" of the first amended complaint, except deny knowledge or information sufficient to form a belief as to how plaintiff felt.

155.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "155" of the first amended complaint.

156.    Deny the allegations set forth in paragraph "156" of the first amended complaint, except admit that, upon information and belief, plaintiff was released at approximately 21:40.

157.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "157" of the first amended  complaint.

158.    Deny the allegations set forth in paragraph "158" of the first amended complaint.

159.    Deny the allegations set forth in paragraph "159" of the first amended complaint.

160.    Deny the allegations set forth in paragraph "160" of the first amended complaint and Footnote 26, and respectfully refer the Court to the article referenced therein for its full content and context.

161.    Deny the allegations set forth in paragraph "161" of the first amended complaint and Footnote 27, and respectfully refer the Court to the article referenced therein for its full content and context.

162.    Deny the allegations set forth in paragraph "162" of the first amended complaint and Footnote 28, and respectfully refer the Court to the article referenced therein for its full content and context.

163.    Deny the allegations set forth in paragraph "163" of the first amended complaint and Footnote 29, and respectfully refer the Court to the article referenced therein for its full content and context.

164.    Deny the allegations set forth in paragraph "164" of the first amended complaint and Footnote 30, and respectfully refer the Court to the article referenced therein for its full content and context.

165.    Deny the allegations set forth in paragraph "165" of the first amended complaint and Footnotes 31 and 32, and respectfully refer the Court to the article referenced therein for their full content and context.

166.    Deny the allegations set forth in paragraph "166" of the first amended complaint and all subparts thereof including Footnotes 33 to 36, and respectfully refer the Court to the materials referenced therein for their full content and context. Defendants further state that the allegations set forth in paragraph "166" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

167.    Deny the allegations set forth in paragraph "167" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "167" of the first amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

168.    Deny the allegations set forth in paragraph "168" of the first amended complaint.

169.    Deny the allegations set forth in paragraph "169" of the first amended complaint and in Footnote 37, and respectfully refer the Court to the site referenced therein for its full content and context.

170.    Deny the allegations set forth in paragraph "170" of the first amended complaint and in Footnote 38, and respectfully refer the Court to the site referenced therein for its full content and context.

171.    Deny the allegations set forth in paragraph "171" of the first amended complaint and in Footnote 39, and respectfully refer the Court to the matter referenced therein for its full content and context.

172.    Deny the allegations set forth in paragraph "172" of the first amended complaint and in Footnote 40, and respectfully refer the Court to the matter referenced therein for its full content and context.

173.    Deny the allegations set forth in paragraph "173" of the first amended complaint.

174.    Deny the allegations set forth in paragraph "174" of the first amended complaint.

175.    Deny the allegations set forth in paragraph "175" of the first amended complaint and all subparts thereof as well as in Footnote 41, and respectfully refer the Court to the matters and sites referenced therein for their full content and context. Defendants further state that the allegations set forth in paragraph "133" of the first amended complaint and its subparts fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

176.    Deny the allegations set forth in paragraph "176" of the first amended complaint.

177.    Deny the allegations set forth in paragraph "177" of the first amended complaint.

178.    Deny the allegations set forth in paragraph "178" of the first amended complaint.

179.    Deny the allegations set forth in paragraph "179" of the first amended complaint.

180.    Deny the allegations set forth in paragraph "180" of the first amended complaint.

181.    Deny the allegations set forth in paragraph "181" of the first amended complaint.

182.    Deny the allegations set forth in paragraph "182" of the first amended complaint.

183.    Deny the allegations set forth in paragraph "183" of the first amended complaint.

184.    Deny the allegations set forth in paragraph "184" of the first amended complaint.

185.    Deny the allegations set forth in paragraph "185" of the first amended complaint.

186.    Deny the allegations set forth in paragraph "186" of the first amended complaint and all subparts thereof.

187.    Deny the allegations set forth in paragraph "187" of the first amended complaint.

188.    Deny the allegations set forth in paragraph "188" of the first amended complaint.

189.    Deny the allegations set forth in paragraph "189" of the first amended complaint.

190.    Deny the allegations set forth in paragraph "190" of the first amended complaint and in Footnote 42, and respectfully refer the Court to the article referenced therein for its full content and context.

191.    Deny the allegations set forth in paragraph "191" of the first amended complaint.

192.    Deny the allegations set forth in paragraph "192" of the first amended complaint and in Footnote 43, and respectfully refer the Court to the article referenced therein for its full content and context.

193.    Deny the allegations set forth in paragraph "193" of the first amended complaint.

194.    Deny the allegations set forth in paragraph "194" of the first amended complaint.

195.    Deny the allegations set forth in paragraph "195" of the first amended complaint.

196.    Deny the allegations set forth in paragraph "196" of the first amended complaint and in Footnote 44, and respectfully refer the Court to the report referenced therein for its full content and context.

197.    Deny the allegations set forth in paragraph "197" of the first amended complaint.

198.    Deny the allegations set forth in paragraph "198" of the first amended complaint.

199.    Deny the allegations set forth in paragraph "199" of the first amended complaint and in Footnote 45, and respectfully refer the Court to the article referenced therein for its full content and context.

200.    Deny the allegations set forth in paragraph "200" of the first amended complaint.

201.    Deny the allegations set forth in paragraph "201" of the first amended complaint.

202.    Deny the allegations set forth in paragraph "202" of the first amended complaint.

203.    Deny the allegations set forth in paragraph "203" of the first amended complaint.

204.    Deny the allegations set forth in paragraph "204" of the first amended complaint.

205.    Deny the allegations set forth in paragraph "205" of the first amended complaint and respectfully refer the Court to the matter referenced therein for its full content and context.

206.    Deny the allegations set forth in paragraph "206" of the first amended complaint.

207.    Deny the allegations set forth in paragraph "207" of the first amended complaint and respectfully refer the Court to the matter referenced therein for its full content and context.

208.    Deny the allegations set forth in paragraph "208" of the first amended complaint and in Footnote 46, and respectfully refer the Court to the report referenced therein for its full content and context.

209.    Deny the allegations set forth in paragraph "209" of the first amended complaint.

210.    Deny the allegations set forth in paragraph "210" of the first amended complaint.

211.    Deny the allegations set forth in paragraph "211" of the first amended complaint.

212.    Deny the allegations set forth in paragraph "212" of the first amended complaint.

213.    Deny the allegations set forth in paragraph "213" of the first amended complaint.

214.    Deny the allegations set forth in paragraph "214" of the first amended complaint.

215.    Deny the allegations set forth in paragraph "215" of the first amended complaint.

216.    Deny the allegations set forth in paragraph "216" of the first amended complaint.

217.    Deny the allegations set forth in paragraph "217" of the first amended complaint.

218.    Deny the allegations set forth in paragraph "218" of the first amended complaint.

219.    Deny the allegations set forth in paragraph "219" of the first amended complaint.

220.    Deny the allegations set forth in paragraph "220" of the first amended complaint.

221.    Deny the allegations set forth in paragraph "221" of the first amended complaint.

222.   Deny the allegations set forth in paragraph "222" of the first amended complaint.

223.   Deny the allegations set forth in paragraph "223" of the first amended complaint.

224.   Deny the allegations set forth in paragraph "224" of the first amended complaint.

225.   Deny the allegations set forth in paragraph "225" of the first amended complaint.

226.   Deny the allegations set forth in paragraph "226" of the first amended complaint.

227.   Deny the allegations set forth in paragraph "227" of the first amended complaint.

228.   Deny the allegations set forth in paragraph "228 " of the first amended complaint.

229.   Deny the allegations set forth in paragraph "229" of the first amended complaint.

230.   Deny the allegations set forth in paragraph "230" of the first amended complaint.

231.   Deny the allegations set forth in paragraph "231" of the first amended complaint.

232.   Deny the allegations set forth in paragraph "232" of the first amended complaint.

233.   Deny the allegations set forth in paragraph "233" of the first amended complaint.

234.   Deny the allegations set forth in paragraph "234" of the first amended complaint.

235.   Deny the allegations set forth in paragraph "235" of the first amended complaint.

236.   Deny the allegations set forth in paragraph "236" of the first amended complaint.

237.   Deny the allegations set forth in paragraph "237" of the first amended complaint.

238.   Deny the allegations set forth in paragraph "238" of the first amended complaint.

239.   Deny the allegations set forth in paragraph "239" of the first amended complaint.

240.   Deny the allegations set forth in paragraph "240" of the first amended complaint.

241.   Deny the allegations set forth in paragraph "241" of the first amended complaint.

242.   Deny the allegations set forth in paragraph "242" of the first amended complaint and in Footnote 47, and respectfully refer the Court to the report referenced therein for its full content and context.

243.     Deny the allegations set forth in paragraph "243" of the first amended complaint.

244.     Deny the allegations set forth in paragraph "244" of the first amended complaint.

245.     Deny the allegations set forth in paragraph "245" of the first amended complaint and in Footnote 48, and respectfully refer the Court to the report referenced therein for its full content and context.

246.     Deny the allegations set forth in paragraph "246" of the first amended complaint and in Footnote 49, and respectfully refer the Court to the report referenced therein for its full content and context.

247.     Deny the allegations set forth in paragraph "247" of the first amended complaint and in Footnote 50, and respectfully refer the Court to the report referenced therein for its full content and context.

248.     Deny the allegations set forth in paragraph "248" of the first amended complaint.

249.     Deny the allegations set forth in paragraph "249" of the first amended complaint.

250.     Deny the allegations set forth in paragraph "250" of the first amended complaint.

251.     Deny the allegations set forth in paragraph "251" of the first amended complaint and in Footnote 51, and respectfully refer the Court to the report referenced therein for its full content and context.

252.     Deny the allegations set forth in paragraph "252" of the first amended complaint and in Footnote 52, and respectfully refer the Court to the report referenced therein for its full content and context.

253.     Deny the allegations set forth in paragraph "253" of the first amended complaint and in Footnote 53, and respectfully refer the Court to the report referenced therein for its full content and context.

254.     Deny the allegations set forth in paragraph "254" of the first amended complaint and in Footnote 54, and respectfully refer the Court to the report referenced therein for its full content and context.

255.     Deny the allegations set forth in paragraph "255" of the first amended complaint.

256.     In response to the allegations set forth in paragraph "256" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

257.     Deny the allegations set forth in paragraph "257" of the first amended complaint.

258.     Deny the allegations set forth in paragraph "258" of the first amended complaint.

259.     Deny the allegations set forth in paragraph "259" of the first amended complaint.

260.     Deny the allegations set forth in paragraph "260" of the first amended complaint.

261.     Deny the allegations set forth in paragraph "261" of the first amended complaint.

262.     In response to the allegations set forth in paragraph "262" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

263.     Deny the allegations set forth in paragraph "263" of the first amended complaint.

264.     Deny the allegations set forth in paragraph "264" of the first amended complaint.

265.     Deny the allegations set forth in paragraph "265" of the first amended complaint.

266.     In response to the allegations set forth in paragraph "266" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

267.     Deny the allegations set forth in paragraph "267" of the first amended complaint.

268.     Deny the allegations set forth in paragraph "268" of the first amended complaint and all subparts thereof.

269.     Deny the allegations set forth in paragraph "269" of the first amended complaint.

270.     Deny the allegations set forth in paragraph "270" of the first amended complaint.

271.     In response to the allegations set forth in paragraph "271" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

272.     Deny the allegations set forth in paragraph "272" of the first amended complaint.

273.     Deny the allegations set forth in paragraph "273" of the first amended complaint.

274.     Deny the allegations set forth in paragraph "274" of the first amended complaint.

275.     Deny the allegations set forth in paragraph "275" of the first amended complaint.

276.     Deny the allegations set forth in paragraph "276" of the first amended complaint.

277.     Deny the allegations set forth in paragraph "277" of the first amended complaint.

278.     Deny the allegations set forth in paragraph "278" of the first amended complaint.

279.     Deny the allegations set forth in paragraph "279" of the first amended complaint.

280.     Deny the allegations set forth in paragraph "280" of the first amended complaint.

281.     Deny the allegations set forth in paragraph "281" of the first amended complaint.

282.     Deny the allegations set forth in paragraph "282" of the first amended complaint.

283.     Deny the allegations set forth in paragraph "283" of the first amended complaint.

284.     Deny the allegations set forth in paragraph "284" of the first amended complaint.

285.     In response to the allegations set forth in paragraph "285" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

286.     Deny the allegations set forth in paragraph "286" of the first amended complaint.

287.     Deny the allegations set forth in paragraph "287" of the first amended complaint.

288.     Deny the allegations set forth in paragraph "288" of the first amended complaint.

289.     Deny the allegations set forth in paragraph "289" of the first amended complaint.

290.     In response to the allegations set forth in paragraph "290" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

291.     Deny the allegations set forth in paragraph "291" of the first amended complaint.

292.     Deny the allegations set forth in paragraph "292" of the first amended complaint.

293.     Deny the allegations set forth in paragraph "293" of the first amended complaint.

294.     Deny the allegations set forth in paragraph "294" of the first amended complaint.

295.     Deny the allegations set forth in paragraph "295" of the first amended complaint.

296.     Deny the allegations set forth in paragraph "296" of the first amended complaint.

297.     In response to the allegations set forth in paragraph "297" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

298.     Deny the allegations set forth in paragraph "298" of the first amended complaint.

299.     Deny the allegations set forth in paragraph "299" of the first amended complaint.

300.     Deny the allegations set forth in paragraph "300" of the first amended complaint.

301.     In response to the allegations set forth in paragraph "301" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

302.     Deny the allegations set forth in paragraph "302" of the first amended complaint.

303.     Deny the allegations set forth in paragraph "303" of the first amended complaint.

304.     Deny the allegations set forth in paragraph "304" of the first amended complaint.

305.     Deny the allegations set forth in paragraph "305" of the first amended complaint.

306.     Deny the allegations set forth in paragraph "306" of the first amended complaint.

307.     Deny the allegations set forth in paragraph "307" of the first amended complaint.

308.     Deny the allegations set forth in paragraph "308" of the first amended complaint.

309.     In response to the allegations set forth in paragraph "309" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

310.     Deny the allegations set forth in paragraph "310" of the first amended complaint. Defendants further state that the allegations set forth in paragraph "310" of the first amended complaint and its subparts fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

311.     Deny the allegations set forth in paragraph "311" of the first amended complaint.

312.     Deny the allegations set forth in paragraph "312" of the first amended complaint.

313.     Deny the allegations set forth in paragraph "313" of the first amended complaint.

314.     Deny the allegations set forth in paragraph "314" of the first amended complaint.

315.     Deny the allegations set forth in paragraph "315" of the first amended complaint.

316.     Deny the allegations set forth in paragraph "316" of the first amended complaint and all subparts thereof. Defendants further state that the allegations set forth in paragraph "316" of the first amended complaint and its subparts fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

317.    In response to the allegations set forth in paragraph "317" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

318.    Deny the allegations set forth in paragraph "318" of the first amended complaint.

319.    Deny the allegations set forth in paragraph "319" of the first amended complaint.

320.    Deny the allegations set forth in paragraph "320" of the first amended complaint.

321.    Deny the allegations set forth in paragraph "321" of the first amended complaint.

322.    Deny the allegations set forth in paragraph "322" of the first amended complaint.

323.    Deny the allegations set forth in paragraph "323" of the first amended complaint.

324.    In response to the allegations set forth in paragraph "324" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

325.    Deny the allegations set forth in paragraph "325" of the first amended complaint.

326.    Deny the allegations set forth in paragraph "326" of the first amended complaint.

327.    Deny the allegations set forth in paragraph "327" of the first amended complaint.

328.    Deny the allegations set forth in paragraph "328" of the first amended complaint.

329.    Deny the allegations set forth in paragraph "329" of the first amended complaint.

330.    Deny the allegations set forth in paragraph "330 " of the first amended complaint.

331.    Deny the allegations set forth in paragraph "331" of the first amended complaint.

332.    Deny the allegations set forth in paragraph "332" of the first amended complaint.

333.    Deny the allegations set forth in paragraph "333" of the first amended complaint.

334.    Deny the allegations set forth in paragraph "334" of the first amended complaint.

335.     In response to the allegations set forth in paragraph "335" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

336.     Deny the allegations set forth in paragraph "336" of the first amended complaint.

337.     Deny the allegations set forth in paragraph "337" of the first amended complaint.

338.     Deny the allegations set forth in paragraph "338" of the first amended complaint.

339.     Deny the allegations set forth in paragraph "339" of the first amended complaint.

340.     In response to the allegations set forth in paragraph "340" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

341.     State that the allegations set forth in paragraph "341" of the first amended complaint are conclusions of law to which no response is required.

342.     Deny the allegations set forth in paragraph "342" of the first amended complaint, and respectfully refer the Court to the site and matter referenced therein for their full content and context.

343.     Deny the allegations set forth in paragraph "343" of the first amended complaint.

344.     Deny the allegations set forth in paragraph "344" of the first amended complaint.

345.     Deny the allegations set forth in paragraph "345" of the first amended complaint.

346.     Deny the allegations set forth in paragraph "346" of the first amended complaint.

347.     State that the allegations set forth in paragraph "347" of the first amended complaint are conclusions of law to which no response is required.

348.     In response to the allegations set forth in paragraph "348" of the first amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

349.     State that the allegations set forth in paragraph "349" of the first amended complaint are conclusions of law to which no response is required.

350.     State that the allegations set forth in paragraph "350" of the first amended complaint are conclusions of law to which no response is required.

351.     State that the allegations set forth in paragraph "351" of the first amended complaint are conclusions of law to which no response is required.

352.     Deny the allegations set forth in paragraph "352" of the first amended complaint.

353.     Deny the allegations set forth in paragraph "353" of the first amended complaint.

354.     Deny the allegations set forth in paragraph "354" of the first amended complaint.

355.     Deny the allegations set forth in paragraph "355" of the first amended complaint.

356.     Deny the allegations set forth in paragraph "356" of the first amended complaint.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**</u>

357.     The first amended complaint fails to state a claim upon which relief can be granted.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**</u>

358.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof; nor have defendants violated any act of Congress providing for the protection of civil rights.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**</u>

359.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

360.     Defendant Garcia has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, is entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

361.     Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

362.     Plaintiff failed to mitigate her alleged damages.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

363.     Plaintiff's claims are barred, in whole or in part, by her own contributory and comparative negligence and by assumption of risk.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

364.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

365.     Plaintiff has failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

366.     At all times relevant to the acts alleged in the first amended complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and

lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability under New York common law on any alleged state law claims.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

367.    Punitive damages cannot be assessed against defendant City.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

368.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. Gen. Mun. Law § 50-(e), (h) and/or (i).

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

369.    There was probable cause for plaintiff's arrest, detention, search, and prosecution.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

370.    To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

371.    To the extent plaintiff asserts state law claims against defendants, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

372.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search  plaintiff.

        **WHEREFORE,** defendants City of New York and Jorge Garcia respectfully request that the first amended complaint be dismissed in its entirety, that the Court enter judgment

for defendants, and that defendants be granted costs, fees, and disbursements together with such

other and further relief as the Court deems just and proper.

Dated:        New York, New York
              July 12, 2024

                                          MURIEL GOODE-TRUFANT
                                          Acting Corporation Counsel of the City of
                                          New York
                                          *Attorney for Defendants City and Garcia*
                                          100 Church Street,
                                          New York, New York 10007
                                          (212) 356-2410
                                          pscutero@law.nyc.gov


                              By:    *Peter Scutero* /s/
                                     _____
                                     Peter Scutero
                                     *Senior Counsel*
                                     Special Federal Litigation Division


cc:      All Counsel (via ECF)