

July 19, 2024

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

    Re:    York v. City of New York, 22-cv-06432

Dear Judge Scanlon:

    I am co-counsel for Plaintiff in the case above.  I am writing because all of the Doe Defendants that were named in the Amended Complaint have not yet had their filed a notice of appearance, despite the Court's Order.  *See* July 12, 2024 Minute Order.  This letter is also partially in response to Defendants' letter at ECF No. 35.

    As part of granting a "sua sponte" (ECF No. 33) extension of time for Defendants Giron, Schivek, Quevedo, and Gulotta to answer, the Court directed — in mandatory terms — that "[c]ounsel for newly named Defendants must file a notice of appearance on the docket by 7/16/2024."  July 12, 2024 Minute Order.  That has not happened yet.  As set out below, Plaintiff asks that the Court make clear their extension was conditional (given the "must") on filing a notice of appearance:  Since those Defendants failed to do what was required of them, they should not receive an extension — at least, not without asking for it.

    I have followed up with Corporation Counsel several times this week about this, and even with the letter now filed, still do not have a substantive answer as to why Defendants violated the Court's Order.[1]  I informed counsel I would be filing this letter after the close of business yesterday and did not receive a response before that deadline.  I sent a draft of this letter this morning before filing asking for a phone call or response.  Defendants offered a call this afternoon, and agreed to go back and consider a proposal that any defendant who is later represented by the Law Department will

---

[1] Plaintiff also has two major outstanding requests to meet and confer which she has been following up on with no substantive response, on a confidentiality order (first sent, with a proposed order, July 2, 2024) and on Defendants' failure to state what they were withholding at all in discovery responses and failure to admit or deny in RFA responses (first sent Monday, 7/15/2024).  Given the discovery end date, along with the Court's statement on the discovery extension before the most recent one that it "does not anticipate granting further extensions of time to complete discovery in this matter" (Apr. 29, 2024 Minute Order), these failures to confer suggests there may be some deeper staffing issues at the Corporation Counsel.  At today's meeting, counsel could not give a time when the City would be ready to meet on these issues, saying only that his supervisors were considering when a meeting was possible.



stipulate that they have been served with any amended complaint filed before the July 22, 2024 deadline. Defendants wrote back refusing that proposal minutes before filing their letter.

       The reason Plaintiff cares is practical. Essentially, after getting the remaining body camera footage from Defendants, Plaintiff was able to identify the final Doe officer and would like to amend — as permitted by the Court — on or before July 22, 2024. *See* Jun. 11, 2024 Minute Order. However, because of the extension, the other officers are not in default. So amending now would require *re-*serving them, with the associated expenses and headache. More importantly, I am assuming that the officers *do* have counsel at this point — just that the counsel have not appeared. And that means that there is an ethical question of whether my office can serve them directly at all, since that is a communication with a represented party. And given the discovery end date, delaying even an appearance until later August is inconsistent with the Court's comments in the second most recent discovery extension that it "does not anticipate granting further extensions of time to complete discovery in this matter." Apr. 29, 2024 Minute Order. That is, those Defendants have not served discovery responses, and if they do not appear, Plaintiff cannot even serve them with discovery requests until late August.

       Thus, Plaintiff asks that the Court make clear its extension was conditional: Defendants Giron, Schivek, Quevedo, and Gulotta got an extension, but on the condition that their counsel "must file a notice of appearance on the docket by 7/16/2024." July 12, 2024 Minute Order. In conjunction with that, the Court should reject Defendants' — whether it is actually made by the newly named Defendants or not is unclear — motion.

       That would leave the newly named Defendants in default, which Plaintiff will consent to vacate upon filing of notices of appearance. And that in turn will allow Plaintiff to amend the complaint without re-serving or needing to figure out whether those parties are represented (as they presumably are at this point) and by whom.

       As ever, I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com