

July 22, 2024

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

By Electronic Filing.

**Re: York v. City of New York, 22-cv-06432**

Dear Judge Scanlon:

I am co-counsel for Plaintiff in the case above. I am writing under Local Rule 37.2 and the Court's Rule III(b) to raise three discovery issues and request a conference. Specifically, this letter seeks: (1) an order compelling Defendants to comply with the discovery rules and state what they are withholding, what their objections are (without boilerplate), and what objections are the basis for any withholding; (2) an order compelling Defendants to actually admit or deny critical requests for admission; and (3) entry of a protective order for confidential documents. Plaintiff also seeks the mandatory fees required by Rule 37, since Defendants' responses and refusal to meet in a time frame that would allow the parties to meet the discovery end date is not justified at all, let alone substantially justified.

**Background and Attempts to Confer.**

Plaintiff served her discovery requests on Defendants — following a failed settlement conference with Your Honor — a little over 8 months ago, on October 31, 2023 (a set of requests for admission, the "RFAs") and on November 29, 2023 (documents requests and interrogatories, the "DRIs"). Those requests are attached as **Exhibits 1 and 2** respectively. Defendants asked for and Plaintiff consented to numerous extensions, including those noted above. Pursuant to that latest extension, Defendants first served responses on July 15, 2024. The responses to the RFAs and the DRIs are attached as **Exhibits 3 and 4** respectively.

Immediately on receiving Defendants' responses, Plaintiff asked to confer: Defendants' DRI responses utterly fail to state non-boilerplate objections or state whether and what Defendants are withholding. The relevant correspondence is attached as **Exhibit 5.** For example, Document Request 23 asks for documents concerning NYPD's video unit (called "TARU") — a standard request for a protest case. Defendants' entire response is this:

> See Objections and Response to Document Request Nos. 2. Defendants object to Document Request No. 23 on the grounds that it is vague and ambiguous as to the meaning of the terms "requesting the deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents related to requesting the deployment of the NYPD's TARU unit

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



> related to the Protest, including, but not limited to, any internal NYPD communications between the NYPD's Legal Bureau and TARU."

Ex. 4 at 30. The response does not state whether anything is being withheld, what the burden would be of producing the limited universe of TARU documentation related specifically to the Protest at issue, and Defendants have not produced any TARU video or documentation. This problem pervades essentially every single response to the DRIs. The RFA responses are similar — they often refuse to admit or deny facts without any explanation for why an answer cannot be given. This kind of obstructive boilerplate was supposed to be abolished in the 2015 Amendments. *See generally, Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017) (one Court's self-described "wake up call" to counsel about the 2015 Amendments).

Plaintiff also has been asking Defendants to confer about a protective order — since she has disclosed sensitive medical information — for weeks, with no response. Plaintiff asked to confer on July 2 and attached a draft, then followed up several times. Initially, during a meeting on Friday, Defendants suggested they would be getting back to Plaintiff shortly on this issue. And on Wednesday, June 17, Defendants said they were "still conferring internally about [all of] these issues and will get back to you." Ex. 5 at 2.

On Friday, Defendants belatedly asked for a *nunc pro tunc* extension to even file notices of appearance for the individual officers. *But see* Apr. 29, 2024 Minute Order (the Court, on Defendants' application (on consent) filed the day of a deadline, remind Defendants that "The parties must comply with Rule II.b. of Judge Vera M. Scanlon's Individual Rules for all future requests for extensions of time"). Late that evening, after the application, Defendants disclosed for the first time that they had no plan to meet on any of these issues, in any reasonable time frame.

Instead, Defendants' counsel said:

> "Defendants will need additional time on the discovery meet and confer you requested and the confidentiality order as I am leaving the Law Department and a new ACC will be assigned to this case. The new ACC will need time to familiarize themselves with these issues before meeting with you. Whoever is assigned will contact you about scheduling a meet and confer, but we are requesting 30-days for the new ACC to get up to speed."

Plaintiff responded by saying if the Court granted an extension, she would be willing to wait — but because of the delays to date and the clear message the Court has sent about the discovery end date, 30 days to ***just meet*** for the first time was unworkable.

The Court already once said that, "[a]bsent exceptional circumstances, the Court does not anticipate granting further extensions of time to complete discovery in this matter" in granting an extension to complete discovery by October 7. Apr. 29, 2024 Minute Order. And the Court has already granted one further extension after that — until November 12, 2024. Jun. 11, 2024 Minute Order. Consuming the next month and change waiting to meet on simple, baseline discovery compliance is not tenable. As required by the Court's rules, Plaintiff has "ma[d]e a good faith effort" to resolve these issues, and Defendants have refused to even meet in the time plainly required by the discovery schedule. Thus, this motion has followed.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



**Discussion.**

**I. The Court Should Order Defendants to Comply with the Rules for their DRIs.**

Since the amendments in 2015, the Rules have been absolutely clear that DRI responses must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)." *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017) (warning "[f]rom now own," failure to meet that floor "will be deemed a waiver of all objections (except as to privilege)."). The text itself reads:

> "An objection ***must*** state whether any responsive materials are being withheld on the basis of that objection."

Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). But virtually none of Defendants' responses bother saying whether material is being withheld. *See, e.g.,* of the first 25 responses, Doc. Reqs. 3-10, 12, 15-25 (Ex. 4 at 19-33). Likewise, parties may not generically claim requests are "overly broad and unduly burdensome" without bothering to explain, "Why is it burdensome? How is it overly broad?" *Fischer* at *8. "Meaningless boilerplate" (*id.*) is forbidden by the requirement that an objection "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Defendants' responses here are virtually identical to those that Judge Peck excoriated in *Fischer.*[1] In some ways, they are far worse, filled with frivolous claims that commons, easily understood terms — "communications" (particularly frivolous given that "communication" is defined in Local Rule 26.3(c)(1)), "physical force," "investigations," "reports," "planning," "police order," "arrest processing paperwork," and "NYPD agent," among others (Ex. 4 at 8, 10-11, 19-20) — are somehow vague or ambiguous. Most critically, however, they do so without any explanation of ***how*** it is that the City of New York thinks the Local Rule definition of "communications" or the phrase "physical force (and so on) are vague. *Accord Fischer* at *9.

A response, post-2015 amendments, must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)." *Id.* A party like the City of New York should know this, and demanding more than a month to prepare for a meet and confer on baseline compliance is absurd. The Court should follow Judge Peck's suggestion in *Fischer* and "deem[ this] a waiver of all objections (except as to privilege)." Or, at a minimum, it should direct Defendants to "revise their Responses to comply with the Rules." And since there is no colorable justification — let alone a substantial one — for the failure to serve requests that approach

[1] *Compare, e.g.*:

> "Defendant objects to this Request for Production to the extent that it is overly broad and unduly burdensome, and not likely to lead to the discovery of relevant evidence. Defendant further objects to this Request as it requests information already in Plaintiff's possession." (*Fischer* at *6-7); *with*
>
> "Defendants object to Document Request No. 10 on the grounds that it is vague and ambiguous as to the meaning of the terms "actual or intended deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting the actual or intended deployment of NYPD members, including SRG members, to the Protest or within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest." (Ex. 4 at 23).



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



the minimum standard, the Court should award mandatory fees under Rule 37.

**II. The Court Should Order Answers to RFAs 3, 6, 7, 8, 15, 16, 17, 22, 23, 24, 26, 27, 28, and 30.**

As relevant here, Defendants have refused to answer 14 of Plaintiff's RFAs. On a motion, "[u]nless the court finds an objection justified, it ***must*** order that an answer be served." Fed. R. Civ. P. 36(a)(6) (emphasis added). And "[w]hen a response does not comply with the literal requirements of Rule 36(a), this Court has the discretion to deem the statement admitted." *Herrera v. Scully*, 143 F.R.D. 545, 549–50 (S.D.N.Y. 1992). Defendants' responses are of a kind with the DRI responses. For example, Defendants claim they cannot admit or deny whether "Officer Giron's search [of Plaintiff] involved a pat down of Plaintiff's groin." Ex. 3 at 5. They also have their own issues — refusing to admit or deny basic facts, seemingly only because either answer would be bad. For example, Defendants inexplicably cannot answer whether any "member of the NYPD, including Officer Giron, made any notation in any document recording the factors behind the decision to insist on a man (e.g., Officer Giron) conducting the search of Plaintiff' — something required by NYPD policy. Ex. 3 at 18. Similarly inexplicably, Defendants say they cannot figure out whether an officer was trained on how to treat transgender arrestees — notwithstanding NYPD telling the DOI that all members of service were trained that they "must treat all individuals in accordance with their preferred gender identity," in a manner that "le[ft] no doubt that the policies apply to gender non-conforming people." Ex. 3 at 17 (quotation in RFA from the NYPD's letter to DOI).

Since Defendants have refused to meet on these issues in a timely way, and the objections served do not offer any explanation for Defendants' professed inability to answer, the Court should compel answers. Fed. R. Civ. P. 36(a)(6)

**III. The Court Should Enter Plaintiff's Proposed Protective Order.**

Plaintiff has been asking Defendants to confer on her proposed protective order for weeks. Defendants have refused, and now say they cannot meet for another *at least* 30 days. That is untenable.

Since Defendants have not identified any objections they have to the fairly standard protective order (attached as **Exhibit 6**), Plaintiff asks the Court to simply enter it. Plaintiff has disclosed sensitive documents, and needs the order in place as soon as possible. If Defendants have some objection or revision, they may seek that modification in a motion to reconsider.

**IV. The Court Should Grant Mandatory Costs and Fees.**

Rule 37 provides, in mandatory terms that when a discovery motion is granted, "the court ***must*** . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in Underdog). That is true unless a party's position is not just justified, but substantially so. Defendants cannot justify a choice to disobey what the Rule says they "must": "state whether any responsive materials are being withheld on the basis of" their objections. Fed. R. Civ. P. 34(b)(2)(C).



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



As ever, I thank the Court for its time and consideration.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.