**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

LUCY YORK,

|  |  |
|---|---|
| Plaintiff, | **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS** |
| -against- | |
| THE CITY OF NEW YORK; NYPD OFFICER JORGE GARCIA; and NYPD MEMBERS JOHN AND JANE DOES 1-3, | **Index No. 22-cv-06432 (CBA)(VMS)** |
| Defendants. | |

-------------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiff hereby requests that Defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to the attention of Cohen&Green P.L.L.C., 1639 Centre St., Ste. 216, Ridgewood, Queens, New York within 30 days after service hereof.

These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

**INSTRUCTIONS**

1.      Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2.      If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4.      For each person identified who is not an NYPD agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

5.      For each person identified who is a New York City Police Department ("NYPD") employee or agent, set forth separately their true, full and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

6.      Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

7.      If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

      a.   The name(s) and title(s) of the person(s) who searched for the document.

b.  A statement of the specific efforts made by that person to locate the document, and the locations searched.

c.  A statement upon actual knowledge, or upon information and belief ,concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

d.  The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

e.  If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

8.      If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2.  Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

9.      Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

10.     When called upon to identify an event or events, provide at least the event name(s); organizer(s); date, time, borough; and any identifying numbers or other designations utilized by the NYPD internally to identify each such event.

## DEFINITIONS

1.      These definitions incorporate by reference the uniform definitions set forth in Local Civil Rule 26.3.

2.      "Incident" refers to the Plaintiff's arrest and detention on July 24, 2021 and the related events described in the operative Complaint in the case, including related uses of force on, and prosecutions against, Plaintiff.

3.      "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain New York City Police Department ("NYPD") employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

4.      "Individual Defendants" refers to the individuals named as Defendants in the Complaint (*i.e.,* the non-municipal Defendants), including the John Doe defendants (one of whom has been identified as Officer Leonel Giron (Shield No. 21368)).

5.      "Protest" refers to the July 24, 2021 protest at which Plaintiff was arrested.

6.      "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

7.      "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

8.      "Investigation" means "[a] police activity undertaken to obtain information or intelligence."

**INTERROGATORIES**

1.      Identify each NYPD member who participated in or who has Personal Knowledge regarding the NYPD's planning for policing the Protest.

2.      Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar.

3.      Identify each member of the NYPD's Legal Bureau who was present at the Protest.

4.      Identify each member of the NYPD's Legal Bureau whom any Defendant consulted with in connection with the NYPD's response to the Protest, before or during the Protest.

5.      Identify each person who observed Plaintiff on July 24, 2021 prior to each Plaintiff's

arrest.

6.      Identify each person who has Personal Knowledge of Plaintiff's conduct on July 24, 2021 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

7.      Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

8.      Identify each person who determined, or participated in the determination, that

Plaintiff should be arrested.

9.      Identify each person who gave each alleged police order to Plaintiff on July 24, 2021 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

10.      If Plaintiff's arrest was a so-called "Turn-Over Arrest" within the meaning of the NYPD Patrol Guide, identify each NYPD member who played each of the roles described in the

relevant Patrol Guide provision, including, but not limited to, observing officer(s); assigning or other supervising officer(s); and assigned officer(s).

11.     Identify each person who placed Plaintiff in handcuffs.

12.     Identify each person who used physical force in any manner on Plaintiff on July 24, 2021 prior to or in connection with Plaintiff's arrest.

13.     Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

14.     Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release with a Desk Appearance Ticket, C-Summons, or after arraignment, including, but not limited to, each step of Plaintiff's arrest processing.

15.     Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, and C-Summonses.

16.     For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

17.     Identify each NYPD Legal Bureau agent who was present at the location at which Plaintiff's arrest was processed.

18.     For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

19.     Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, C-Summons, and accusatory instrument created in connection with Plaintiff's

arrest.

20.     Identify by name or by Arrest Number each third-party arrestee whose arrest each Individual Defendant was involved in effecting or processing.

21.     Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

22.     Identify each person to whom each Individual Defendant has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

23.     For each video produced related to the Protest, identify the portions depicting each Individual Defendant by providing the Bates Number and/or other identifying information for each such video, the name of the Individual Defendant and timestamp(s) of the footage in which that Individual Defendant appears.

24.     Identify NYPD Member Does # 1 and 3, whose roles in the Incident are described in ¶¶ 80-116 of the Complaint; or, if not possible to identify any individual one of those Does, identify all steps Defendants have taken to identify NYPD Member Does #1 and 3, including the result of each action taken.

## DOCUMENT REQUESTS

1.     Produce all documents identified or consulted in responding to the interrogatories above.

2.     Produce all documents reflecting intelligence, investigations, and other information gathered by or provided to the Individual Defendants, including Defendant Jorge Garcia and

Officer Leonel Giron, or the NYPD related to the Protest, prior to the Protest, including, but not limited to, all NYPD intelligence documents and NYPD Intelligence Bureau and Counterterrorism Bureau documents, and all documents provided to the NYPD by other governmental or private entities.

3.     Produce all documents, including spreadsheets and documents reflecting investigations, communications, or other information regarding, so-called "Scheduled" and "Unscheduled Events" on the date of the Protest.

4.     Produce all documents reflecting information within the NYPD's care, custody, or control related to proposed or potential protest-related events or incidents on July 24, 2021, including, but not limited to, the Protest, and including, but not limited to, reports, communications (including digital communications), and other documents containing any such information generated by or available to the NYPD's Intelligence Division or Counterterrorism Bureau.

5.     Produce all documents, including internal NYPD communications, related to planning for policing the Protest, including, but not limited to:

    a.   Requests for Detail and all responses and endorsements thereto;

    b.   To/From memoranda, UF-49's, 49's, and letters;

    c.   E-mails and other digital communications; and

    d.   Any other documents reflecting information relied on by the NYPD in planning for policing the Protest, including, but not limited to, documents containing any such information generated by or available to the NYPD's Intelligence Division or Counterterrorism Bureau.

6.      Produce all Detail Rosters including the Individual Defendants' names and all such Detail Rosters reflecting the identities of other NYPD members who were assigned to police the Protest, or who responded to or were actually involved in the police response to the Protest.

7.      Produce all July 24, 2021 Roll Calls for each NYPD Precinct out of which an Individual Defendant turned out on July 24, 2021.

8.      Produce all documents reflecting the actual or intended deployment of NYPD barricades at the Protest or within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest.

9.      Produce all documents reflecting the actual or intended deployment of NYPD vehicles to the Protest or within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest.

10.     Produce all documents reflecting the actual or intended deployment of NYPD members, including SRG members, to the Protest or within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest, including, but not limited to, "204's", Operations Unit Detail Section Records, Detail Breakdown Sheet forms and other Detail Breakdown records; "Who's Who" documents; "Detail Overview" documents; "Force Figures" documents; NYPD overtime documents; and NYPD Office of Management Assistance and Planning ("OMAP") documents.

11.     Produce all documents reflecting the conditions with respect to vehicular and/or pedestrian traffic within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest.

12.     Produce all videos related to Plaintiff's arrest or to the Protest, including, but not limited to, all:

    a.   NYPD body-worn camera footage related to the Protest, including, but not limited to, such footage from each Individual Defendant and every NYPD member within 30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

    b.   ARGUS footage;

    c.   Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

    d.   Footage captured by the NYPD's Aviation Unit; and

    e.   All other video footage in Defendants' care, custody, or control.

13.    Produce all photographs related to the Protest depicting Plaintiff or Individual Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, or arrest processing, including, but not limited to, all:

    a.   Arrest and mass or large-scale arrest processing photographs, whether taken at the scene of the arrest; outside of or at a Mass Arrest Processing Center ("MAPC") or other NYPD location, or otherwise;

    b.   Prisoner movement slips; and

    c.   All other arrest processing, including MAPC, photographs.

14.    Produce all Mass Arrest Pedigree Labels (PD244-093) created depicting Plaintiff or Individual Defendant or created in connection with or that relates to or concerns each Plaintiff's arrest, pre-arrest conduct, or arrest processing related to the Protest, including, but not limited to, any created by an Individual Defendant.

15.    Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Protest, including, but not limited to:

    a.   911 calls related to the Protest, and all documents related to responses thereto;

b.  311 calls related to the Protest, and all documents related to responses thereto;

c.  NYPD Citywide One, Citywide Two, or other internal NYPD communications channels, including, but not limited to, any such communications on channels identified in the NYPD's SRG Guide;

d.  Recorded communications that were considered for use, or that were used, over an NYPD Long Range Acoustic Device ("LRAD"), and all documents reflecting the author(s) of such statements and their potential or intended uses;

e.  Texts, e-mails, and other digitally recorded communications; and

f.  The recording of the "factors behind th[e] decision" to allow a male officer to search Plaintiff after she requested otherwise, as required by NYPD policy (*see, e.g.,* 2018 Letter (defined below) at 10).

16.  Produce all documents, including NYPD Disorder Control Unit documents, related to LRAD deployments and uses, and identifying LRAD operators, at the Protest.

17.  Produce all SPRINT reports related to the Protest.

18.  Produce all Event Chronologies and Event Summaries related to the Protest.

19.  Produce all ICAD Chronologies and reports related to the Protest.

20.  Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

21.  Produce all documents created related to the Protest created at or through any of the following, including, but not limited to, any logs, summaries, and communications (including electronic communications):

    a.   Any Command Post, Mobile Command Post, Incident Command Post, or THV;

    b.   The Real Time Crime Center;

    c.   Any Joint Operations Center; and

    d.   Any other NYPD or joint operations or other, similar command.

22.    Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Protest, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

23.    Produce all documents related to requesting the deployment of the NYPD's TARU unit related to the Protest, including, but not limited to, any internal NYPD communications between the NYPD's Legal Bureau and TARU.

24.    Produce all documents reflecting the creation or disposition of any NYPD TARU footage created related to the Protest, including, but not limited to, any such documents required by or referred to in the NYPD Patrol Guide.

25.    Produce all documents related to the deployment of the NYPD's Aviation Unit related to the Incident or the Protest.

26.    Produce all documents reflecting the creation or disposition of any NYPD Aviation Unit footage created related to the Protest.

27.    Produce all documents reflecting NYPD uses of force related to Plaintiff or the Protest or any resulting injuries or medical treatment, including, but not limited to, any NYPD Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment of

Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other ambulance, EMT, and medical records, and all other documents related to any such use of force or any resulting injuries or medical treatment.

28.     If any Defendant claims any NYPD member was injured as a result of the Protest, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

29.     Produce a version of the Mass Arrest Report related to the Protest redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information.

30.     Produce the Command Log from any NYPD Precinct or MAPC at which arrests were processed related to the Protest.

31.     Produce all documents including statements made by each Individual Defendant or other witnesses related to Plaintiff's arrest or the Protest, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

32.     Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the Protest or that otherwise relate to Plaintiff's arrest or the Protest.

33.     Produce all Prisoner Pedigree Cards (PD244-092) created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

34.    Produce all MAPC Intake Sheets created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

35.    Produce all C-Summonses created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

36.    Produce all Online Booking Sheet ("OLBS") printouts concerning arrests related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

37.    Produce all OLBS Arrest Worksheets (PD 244-159) (including any scratch and/or handwritten OLBS Arrest Worksheets) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

38.    Produce all Complaint Reports (PD 313-152) and Complaint Report Worksheet(s) (PD 313-152A) related to the Protests, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

39.    Produce all Desk Appearance Tickets (PD 260-121) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

40.    Produce all Desk Appearance Ticket Investigation Sheets (PD 360-091) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

41.     Produce all Property Clerk Invoices (PD 521-141) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

42.     Produce all other NYPD records reflecting the disposition of any property seized from Plaintiff related to the Protest, including, but not limited to, any NYPD Property and Evidence Tracking System ("PETS") documents.

43.     Produce all Online Prisoner Arraignment ("OLPA") Reports regarding arrests related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

44.     Produce all documents sufficient to identify each NYPD member (including any such supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing, including their creation of arrest processing paperwork.

45.     Produce all documents, including internal NYPD communications, created after the Protest summarizing, critiquing, or evaluating events related to the Protest, including, but not limited to:

 a.   Unusual Occurrence Reports;

 b.   Unusual Incident Reports;

 c.   After-Action Reports;

 d.   To/From memoranda, UF-49's, 49's, and letters; and

 e.   E-mails.

46.     Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Protest.

47.     Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Protest, including prosecutor's notes and criminal court accusatory instruments.

48.     Produce all documents provided by any Individual Defendant or NYPD member related to Plaintiff's prosecution, or any prosecution arising from the Protest.

49.     Produce all documents related to or reflecting communications between a prosecutor or court and a Defendant related to Plaintiff's prosecution.

50.     Produce all documents related to notifications to appear in New York City Criminal Court or New York State Supreme Court in connection with criminal prosecutions related to the prosecution of Plaintiff regarding the Protest, including, but not limited to, all Court Appearance Control System ("CACS") notifications related to Plaintiff's prosecutions created pursuant to NYPD Patrol Guide Provisions 211-04 and 211-05.

51.     Produce all documents related to attendance in New York City Criminal Court or New York State Supreme Court in connection with Plaintiff's prosecution related to the Incident, including, but not limited to, the Individual Defendants' Court Attendance Records (PD 468-141).

52.     Produce copies of each discovery demand made pursuant to New York law or request to preserve or produce documents that were received by the NYPD from any prosecutor or defendant in connection with criminal prosecutions arising from Plaintiff's arrest or the Protest.

53.     Produce all documents reflecting or related to the dispositions of any criminal case brought against Plaintiff or related to the Protest, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

54.     Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against arrestees at the Protest, including Plaintiff.

55.     Produce all demands for preservation or litigation holds received or created by the NYPD related to the Protest, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

56.     Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Protest, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

57.     Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident and/or the Protest.

58.     Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendant.

59.     Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

60.     Produce each Individual Defendant's NYPD Academy transcript.

61.     Produce each Individual Defendant's current NYPD Personnel Profile Report – All

History.

62.     Produce each Individual Defendant's current NYPD Central Personnel Index ("CPI") report.

63.     Produce each Individual Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

64.     Produce each Individual Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

65.     Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants, including, but not limited to, any GO-15 statements.

66.     Produce each Individual Defendant's complete NYPD personnel file.

67.     Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant has been subjected to during their time as a NYPD member.

68.     Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant.

69.     Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 19 above.

70.     Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 19 above.

71.     Produce any other documents reflecting the training each Individual Defendant received, whether at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

a.  The First Amendment, including as it relates to demonstrations and protests;

b.  Dispersal orders;

c.  The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests, including at a demonstration or protest;

d.  Protest policing tactics and operations;

e.  Disorder Control tactics and operations, including responses to civil disorder and riots;

f.  Strategic Response Group tactics and operations;

g.  Crowd control tactics and operations;

h.  Use of force, the force continuum, and de-escalation;

i.  Use of force reporting;

j.  Use of handcuffs, including flex-cuffs, including in connection with arrests made at a protest or demonstration;

k.  Tight cuffing injuries and the circumstances under which handcuffs, or flex-cuffs, should or must be loosened or removed;

l.   NYPD body-worn camera use, including the circumstances under which body-worn cameras are meant to be activated;

m.   Incident command, chain of command, command and control, and intended operations during a demonstration or protest, Special Event, or Critical Incident;

n.   Probable cause to arrest or prosecute a person for any of the grounds identified in response to Interrogatory No. 7;

o.   Arrest processing, including, but not limited to, the creation of arrest processing documents;

p.   Mass or large-scale arrest processing, including, but not limited to:

    i. The use of mass or large-scale arrest processing photographs;

    ii. The use of a Mass Arrest Processing Center ("MAPC");

    iii. The intended roles of NYPD Legal Bureau Attorneys in mass or large-scale arrest processing; and

    iv. Documents created in connection with mass or large-scale arrest processing.

q.   Investigations, including photographic and video surveillance, in connection with protests;

r.   Eligibility for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

s.   Implementation of the 2020 amendments to New York Criminal Procedure Law § 150.20;

t.   Processing, including arrest and large-scale arrest processing steps and documents intended to be created, for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

u.  The creation of NYPD arrest and arrest processing-related documents;

v.  COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations;

w.  The treatment of transgender people during arrest, including housing, forms of address, and the like;

x.  Sexual harassment, assault, or misconduct during arrests;

72.   Produce all documents reflecting the training each Individual Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 71.

73.   Produce all documents reflecting the NYPD's official policies that were in effect at the time, related to the topics in Document Request No. 71, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

74.   Produce all documents concerning the February 9, 2018 letter (the "2018 Letter") sent by the then-Commissioner and Deputy Commissioner of Legal Matters regarding NYPD's policies specific to (among other things) transgender New Yorkers, responding to the Office of the Inspector General's (OIG) findings that NYPD fell short in serving that community,[1] including, but not limited to:

---

[1] For clarity, this is the letter attached as Exhibit 1 to Plaintiff's First Requests for Admission.

a.     All documents concerning the OIG's investigation and recommendations;

b.     All communications, investigatory records, and other documents created in the course of and concerning the response to the OIG;

c.     All documents concerning the factual assertions made in the 2018 Letter;

d.     All documents concerning the document identified as the "October 2012 Training Memo" in the 2018 Letter;

e.     All documents concerning the documents identified as the "Interim Orders" in the 2018 Letter; and

f.     All documents concerning the training each Individual Defendant received as described in the 2018 Letter.

75.     Produce all press or news clips, social media postings, or Internet links gathered or received by the NYPD related to the Protest, including, but not limited to, any such documents or information gathered by the NYPD's Deputy Commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or otherwise.

76.     Produce all documents reflecting or related to press inquiries, press statements, and interviews related to the Protest, including, but not limited to, documents reflecting to or related to any communications, such as statements made at press conference or in texts or e-mails, to or from then-Mayor de Blasio, the NYPD Commissioner at the time, any Individual" Defendants, NYPD members assigned to the DCPI's Office, or other NYPD members.

77.     Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Protest.

78.     Produce all documents received by the New York City Law Department related to the Protest pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap sheets, medical records, and all other records from any source whatsoever, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

79.     Produce all documents Defendants intend to use at any deposition in this case, including for impeachment purposes.

80.     Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

81.     Produce all documents concerning any lien the Defendant City asserts it has against any recovery Plaintiff may be entitled to, including, but not limited to Medicaid or any other debt the City claims is owed to any City agency, including but not limited to the Department of Finance, the Department of Sanitation, or the Environmental Control Board.

82.     Produce all documents concerning any time in the last 10 years the City has declined to indemnify an individual police officer against a judgment for compensatory damages.

83.     Produce all documents concerning any time in the last 10 years the City has declined to indemnify an individual police officer against a judgment for punitive damages.


**[this space intentionally left blank]**

Dated:  Brooklyn, NY
          November 29, 2023

                                        Very Truly Yours,

                                              /s/
                                        _____
                                        J. Remy Green
                                        COHEN&GREEN PLLC
                                        1639 Centre St., Ste. 216
                                        Ridgewood, NY 11385
                                        remy@femmelaw.com
                                        t: (929) 888-9480

          \