UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUCY YORK,

                                                           Plaintiff,

           -against-

CITY OF NEW YORK, CAPTAIN SMART, CAPTAIN,
DAVIS, CAPTAIN JEFFRIES, CAPTAIN MATHEUS,
CO WASHINGTON, CO VALDEZ, CO LEE,
CO TITTLE, CO VASQUEZ, and JOHN DOES 1-6,

                                       City Defendant.
------------------------------------------------------------------------X

**DEFENDANTS CITY AND GARCIA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

22-CV-6432 (OEM)(VMS)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, defendants City of New York and Jorge Garcia ("Defendants") respond and object to Plaintiff's October 31, 2023 First Requests for Admissions as follows:

## **GENERAL STATEMENT**

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information provided, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that information or its subject matter, or of defendants' right to object to the use of any such information during any proceeding in this litigation or otherwise.

3. Defendants object to the phraseology in Plaintiff's First Requests for Admission to the extent that such phraseology, *inter alia*, requires answers with explanations in order to address requests for admissions.

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION**

**ADMISSION REQUEST NO. 1:**

Lucy York is a woman.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 1:**

Defendants object to Admission Request No. 1 on the grounds that it seeks information that is not in defendants' possession, custody or control and is instead more available to plaintiff. Defendants further object to this request for admission on the grounds that it is harassing, sought to embarrass the individual defendant, and seeks information that is not relevant to any claim or defense at issue in this case.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants state that after reasonable inquiry the information in their possession or readily attainable is insufficient to allow them to either admit or deny this request and therefore they cannot provide any further response.

**ADMISSION REQUEST NO. 2:**

Lucy York is a transgender woman

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 2:**

Defendants object to Admission Request No. 2 on the grounds that it seeks information that is not in defendants' possession, custody or control and is instead more available to plaintiff. Defendants further object to this request for admission on the grounds that it is harassing, sought

to embarrass the individual defendant, and seeks information that is not relevant to any claim or defense at issue in this case.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants state that after reasonable inquiry the information in their possession or readily attainable is insufficient to allow them to either admit or deny this request and therefore they cannot provide any further response.

**ADMISSION REQUEST NO. 3:**

Transgender women are women.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 3:**

Defendants object to Admission Request No. 3 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "woman" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants object to Admission Request No. 3 on the grounds that it is harassing, sought to embarrass the individual defendant, and seeks information that is not relevant to any claim or defense at issue in this case. Defendant also objects on the grounds that it cannot be admitted or denied without explanation. See Carver v. Bank of N.Y. Mellon, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *4 (S.D.N.Y. Sep. 25, 2018) ("[T]he Rule should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.").

**ADMISSION REQUEST NO. 4:**

Officer Leonel Giron (Shield No. 21368) is a man.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 4:**

Defendants object to Admission Request No. 4 on the grounds that it is harassing, and seeks information that is not relevant to any claim or defense at issue in this case.

Notwithstanding, these specific objections, and subject to, and without waiving or in any way limiting these specific objections, defendants admit that Officer Giron is male.

**ADMISSION REQUEST NO. 5:**

Officer Giron a cisgender man.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 5:**

Defendants object to Admission Request No. 5 on the grounds that it is harassing, and seeks information that is not relevant to any claim or defense at issue in this case. Notwithstanding, these specific objections, and subject to, and without waiving or in any way limiting these specific objections, defendants admit that Officer Giron is male.

**ADMISSION REQUEST NO. 6:**

On October 23, 2023, Officer Giron reached inside the front of Plaintiff's pants, either through her pockets or through her waistband, to conduct a search.

   a. DEF_000074 at 7:50-8:00

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 6:**

Defendants object to Admission Request No. 6 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "reached" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants further object on the grounds that the video depicted in DEF_000074 speaks for itself and that the information sought is more readily available by another method of discovery, such as through

depositions. Defendants will not provide any further response to this request for admission based on these objections.

**ADMISSION REQUEST NO. 7:**

Officer Giron's search involved physical contact with Plaintiff's genitals through her underwear.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 7:**

Defendants object to Admission Request No. 7 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "search" and defendants are unclear as to what making physical contact with Plaintiff's genitals "through her underwear" means, and therefore cannot respond to this request for admission. Defendants further object to this request for admission on the grounds that the "search" to which plaintiff is referring is not sufficiently defined, as no date, time and/or place is provided, and therefore, this request cannot be answered.

**ADMISSION REQUEST NO. 8:**

Officer Giron's search involved a pat down of Plaintiff's groin.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 8:**

Defendants object to Admission Request No. 8 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "groin" and "pat down", and accordingly, "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants further object to this request for admission on the grounds that the "search" to which plaintiff is referring is not sufficiently defined, as no date, time and/or place is provided, and therefore, this request cannot be answered.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, and limiting this request for admission to whether Officer Giron made physical contact with Plaintiff's groin/genital on July 24, 2021 at the time of Plaintiff's arrest that day.

**ADMISSION REQUEST NO. 9:**

Officer Giron conducted his search underneath Plaintiff's pants.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 9:**

Defendants object to Admission Request No. 9 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term search and, accordingly "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants further object to this request for admission on the grounds that the "search" to which plaintiff is referring is not sufficiently defined, as no date, time and/or place is provided, and therefore, this request cannot be answered.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, and limiting this request for admission to whether Officer Giron made physical contact with Plaintiff's groin/genital on July 24, 2021 at the time of Plaintiff's arrest that day, Defendants deny.

**ADMISSION REQUEST NO. 10:**

Plaintiff verbally announced that she was a trans woman who did not consent to being searched by male officers.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 10:**

Defendants object to Admission Request No. 10 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "announce" and, accordingly "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants further object to this request for admission on the grounds that the Plaintiff fails to identify a date, time or place when this purported announcement was made and therefore, defendants do not have sufficient information to provide an accurate response.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit only that, on DEF_000074 at 8:08-8:13 Plaintiff stated "I'm fucking trans," and "I'm a trans woman." Defendants state that after reasonable inquiry the information in their possession or readily attainable is insufficient to allow them to either admit or deny the remainder of this request and therefore they cannot provide any further response.

**ADMISSION REQUEST NO. 11:**

Specifically, she says, "I'm fucking trans," and asked why they were putting their "hands down there."

   a. DEF_000074 at 7:52-54.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 11:**

Defendants object to Admission Request No. 11 on the grounds that "she" is not defined and therefore there is insufficient information for defendants to be able to readily admit or deny such a request for admission.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit only that, on DEF_000074 at 7:52 – 54

an individual can be heard stating, "I'm fucking trans," and asked why they were putting their "hands down there."

**ADMISSION REQUEST NO. 12:**

Likewise, she says, "look at my shirt, I've got fucking tits."

a. DEF_000074 at 8:08-8:13.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 12:**

Defendants object to Admission Request No. 12 on the grounds that the video depicted in DEF_000074 speaks for itself. Defendants object to Admission Request No. 12 on the grounds that "she" is not defined and therefore there is insufficient information for defendants to be able to readily admit or deny such a request for admission.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit that, on DEF_000074 at 8:08-8:13 Plaintiff states "look at my shirt, I've got fucking tits." Defendants state that after reasonable inquiry the information in their possession or readily attainable is insufficient to allow them to either admit or deny this request and therefore they cannot provide any further response.

**ADMISSION REQUEST NO. 13:** Likewise, she says, "I'm a trans woman"

a. DEF_000074 at 8:06-8:08

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 13:**

Defendants object to Admission Request No. 13 on the grounds that the video depicted in DEF_000074 speaks for itself. Defendants object to Admission Request No. 11 on the grounds that "she" is not defined and therefore there is insufficient information for defendants to be able to readily admit or deny such a request for admission.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on DEF_000074 at 8:06-8:08 Plaintiff states "I'm a trans woman." Defendants state that after reasonable inquiry the information in their possession or readily attainable is insufficient to allow them to either admit or deny this request and therefore they cannot provide any further response.

**ADMISSION REQUEST NO. 14:**

She asks, "Why are you fucking touching me like that?"

a. Id. at 8:12-8:16

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 14:**

Defendants object to Admission Request No. 14 on the grounds that the video depicted in DEF_000074 speaks for itself.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, or the General Objections, Defendants admit that, on DEF_000074 at 8:12-8:16 Plaintiff states "Why are you fucking touching me like that?" Defendants state that after reasonable inquiry the information in their possession or readily attainable is insufficient to allow them to either admit or deny this request and therefore they cannot provide any further response.

**ADMISSION REQUEST NO. 15:**

Plaintiff's complaints were made at a loud enough volume that they should have been heard by anyone within earshot, including Officer Giron.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 15:**

Defendants object to Admission Request No. 15 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "complaints," "loud enough,"

"volume," "earshot," and "should have" and therefore, "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants further object to this request for admission on the grounds that there is no time-period defined or stated as to when these purported "complaints" were made. Defendants also object on the grounds that whether the purported complaints were made loud enough that "anyone within earshot" would have heard them calls for speculation—rather than the admission of a "fact, the application of law to fact, or opinions about either"—and is therefore outside the scope of Federal Rule of Civil Procedure 36(a)(1). Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 81 (W.D.N.Y. 2000) (explaining that "if the request as stated cannot be answered in a straightforward manner because it contains speculative elements, an objection may be interposed on that basis."); see also Rubinstein, 2021 U.S. Dist. LEXIS 145106, at *8 (explaining that "[r]equests for admission that call for the answer to hypothetical questions are not proper."). Defendants will not interpose any further response to this request for admission.

**ADMISSION REQUEST NO. 16:**

Officer Giron in fact heard those complaints.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 16:**

Defendants object to Admission Request No. 16 on the grounds that the request fails to identify a time, date and/or place when the purported complaints were made and therefore this request cannot be responded to; defendants further object on the grounds that "complaints" is not defined, is vague and ambiguous, and therefore, defendants are unable to admit or deny whether Officer Giron heard "complaints" which are not specifically identified. Defendants will not interpose any further response to this request for admission.

**ADMISSION REQUEST NO. 17:**

Officer Giron continued to search Plaintiff by reaching around inside the front of her pants.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 17:**

Defendants object to Admission Request No. 17 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "search" and "reaching" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants will not interpose any further response to this request for admission.

**ADMISSION REQUEST NO. 18:**

Officer Giron responded to Plaintiff's first set of complaints by stating, "hold on, hold on, hold on."

   a. Id. at 7:55-8:02

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 18:**

Defendants object to Admission Request No. 18 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the terms "first set," and "complaints," and therefore, "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants deny that, Officer Giron responded "hold on, hold on" to plaintiff's first set of complaints.

**ADMISSION REQUEST NO. 19:**

Officer Giron continued a physical search of Plaintiff's groin and genital area after saying "hold on."

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 19:**

Defendants object to Admission Request No. 19 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the terms "physical search," and therefore, "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants further object to this request for admission on the grounds that there is no time-period defined or stated as to when these purported "physical search" occurred.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants deny that, "Officer Giron continued a physical search of Plaintiff's groin and genital area after saying 'hold on.'"..

**ADMISSION REQUEST NO. 20:**

Officer Giron also continued a pat down search after saying "hold on."

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 20:**

Defendants object to Admission Request No. 20 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the terms "pat down," and therefore, "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants further object to this request for admission on the grounds that there is no time-period defined or stated as to when these purported "physical search" occurred.

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants deny that, "Officer Giron continued a pat down search after saying 'hold on.'"..

**ADMISSION REQUEST NO. 21:** Counting from Plaintiff's complaint at DEF_000074 at 7:52-54, in which she identifies herself as a transgender woman, Officer Giron's search of Plaintiff continued for at least 25 more seconds.

   a. See, DEF_000074 at 7:52-8:20.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 21:**

Defendants object to Admission Request No. 21 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "search" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit that, Officer Giron's search of Plaintiff continued for at least 25 more seconds after Plaintiff stated "I'm a trans woman."

**ADMISSION REQUEST NO. 22:**

NYPD policy requires that when requested, "a supervisor shall assign an officer of the gender requested by [an] arrestee" to perform any and all searches when there are not safety concerns (emphasis added).

   a. See Exhibit 1 at 11.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 22:**

Defendants object to Admission Request No. 22 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "NYPD Policy" and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit only that, the February 9, 2018 response to the November 21, 2017 report of the Office of the Inspector General for the NYPD, entitled "Review of NYPD's Implementation of Patrol Guide Procedures Concerning Transgender and Nonconforming People" states, among other things that, "a supervisor shall assign an officer of the gender requested by the arrestee to conduct the search so long as such an assignment is consistent with officer safety and available resources."

**ADMISSION REQUEST NO. 23:** Whenever officers depart from such a request, "the factors behind this decision [are supposed to be] recorded in the Command Log."

  a. Exhibit 1 at 11-12.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 23:**

Defendants object to Admission Request No. 23 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the terms "NYPD Policy" and "such a request", furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit only that, the February 9, 2018 response to the November 21, 2017 report of the Office of the Inspector General for the NYPD, entitled "Review of NYPD's Implementation of Patrol Guide Procedures Concerning

Transgender and Nonconforming People" states, among other things that,"[i]f the gender of the assigned officer differs from the gender requested by the arrestee, the factors behind this decision are recorded in the Command Log."

**ADMISSION REQUEST NO. 24:**

Officer Giron did not ask for a supervisor to assign another officer.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 24:**

Defendants object to Admission Request No. 24 on the grounds that it is vague and ambiguous as there is no time period as to when this purportedly occurred, and that it is unclear what the request for admission actually seeks or what plaintiff means in the request for admission. Defendant also objects on the grounds that it cannot be admitted or denied without explanation. See Carver v. Bank of N.Y. Mellon, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *4 (S.D.N.Y. Sep. 25, 2018) ("[T]he Rule should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.").

**ADMISSION REQUEST NO. 25:**

NYPD took extensive efforts to train their officers on (among other things) the requirement to respect the requests of transgender arrestees regarding searches.

a. Exhibit 1 at 13-14

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 25:**

Defendants object to Admission Request No. 25 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "extensive," and "efforts," and,

furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit that, the February 9, 2018 response to the November 21, 2017 report of the Office of the Inspector General for the NYPD, entitled "Review of NYPD's Implementation of Patrol Guide Procedures Concerning Transgender and Nonconforming People" states the efforts the NYPD took to train officers on 2012 Patrol Guide Revisions and refer Plaintiff to the report for a full and accurate recitation of the facts therein.

**ADMISSION REQUEST NO. 26:**

NYPD objected to the Office of the Inspector General ("OIG")'s assertions that the NYPD's efforts to train officers on (among other things) the patrol guide provisions regarding searches of transgender arrestees fell short.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 26:**

Defendants object to Request No. 26 on the grounds that it cannot be admitted or denied without explanation. See Carver v. Bank of N.Y. Mellon, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *4 (S.D.N.Y. Sep. 25, 2018) ("[T]he Rule should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.").

**ADMISSION REQUEST NO. 27:**

Officer Giron received and reviewed the "Training Memo" referenced in the Exhibit 1 at 12-17, whether as part of his in-service training or as part of his academy training.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 27:**

Defendants object to Admission Request No. 27 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the term "ask," and "assign," and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Defendants object to Request No. 26 on the grounds that it cannot be admitted or denied without explanation. See Carver v. Bank of N.Y. Mellon, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *4 (S.D.N.Y. Sep. 25, 2018) ("[T]he Rule should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.").

**ADMISSION REQUEST NO. 28:**

Officer Giron was trained and repeatedly reminded throughout in service training that "members of service … must treat all individuals in accordance with their preferred gender identity," in a manner that "le[ft] no doubt that the policies apply to gender non-conforming people."

  a. Exhibit 1 at 13.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 28:**

Defendants object to Admission Request No. 28 on the grounds that it is vague and ambiguous as to the meaning of, and fails to, define the terms "repeatedly reminded," and "in service training," and, furthermore, uses "vague and ambiguous wording that does not allow defendants fairly to admit or to deny." *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants state that after reasonable inquiry the

information in their possession or readily attainable is insufficient to allow them to either admit or deny this request and therefore they cannot provide any further response.

**ADMISSION REQUEST NO. 29:**

No member of the NYPD, including Officer Giron, made any notation in any document recording "the factors behind th[e] decision" to insist on a man (e.g., Officer Giron) conducting the search of Plaintiff.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 29:**

Defendants object to Admission Request No. 29 on the grounds that it is vague and ambiguous, overbroad and unduly burdensome, seeks information that is not relevant to any claim or defense in this matter, and on the grounds that it cannot be admitted or denied without explanation. See Carver v. Bank of N.Y. Mellon, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *4 (S.D.N.Y. Sep. 25, 2018) ("[T]he Rule should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.").

Notwithstanding these specific objections, and subject to, and without waiving or in any way limiting these specific objections, Defendants admit only that, no notation was made in the Omniform System – Arrests Report, DEF 000047 to DEF 000049, and in the defendant Officer Garcia's Activity Log Report regarding the search of Plaintiff.

**ADMISSION REQUEST NO. 30:**

The manner in which Officer Giron conducted his search of Plaintiff's body violated NYPD policy.

**OBJECTIONS AND RESPONSE TO ADMISSION REQUEST NO. 30:**

Defendants object to Request No. 30 on the grounds that it improperly seeks an admission regarding a fundamental disagreement at the heart of this lawsuit— whether the search of Plaintiff on July 21, 2024 was improper. <u>See</u> <u>Robinson v. De Niro</u>, No. 19-CV-9156 (LJL) (KHP), 2022 U.S. Dist. LEXIS 5289, at *6 (S.D.N.Y. Jan. 11, 2022) (explaining that "where requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit, or are unduly burdensome, a court may excuse a party from responding to the requests.").

Dated:   New York, New York
         July 15, 2024

                                        MURIEL GOODE-TRUFANT
                                        Acting Corporation Counsel of the
                                         City of New York
                                        *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2410

                          By:   *Peter Scutero*
                               PETER SCUTERO
                               *Senior Counsel*

TO:   COHEN & GREEN P.L.L.C.
       *Attorneys for Plaintiff*