UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

LUCY YORK,

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

Plaintiffs,

-against-

THE CITY OF NEW YORK, NYPD OFFICER JORGE GARCIA; NYPD OFFICER LEONEL O. GIRON (SHIELD NO. 21368, TAX ID. NO. 959658); NYPD OFFICER JUSTIN M. SCHIVEK (SHIELD NO. 13458, TAX ID. NO. 957141); NYPD SERGEANT THOMAS W. QUEVEDO (PREVIOUSLY SHIELD NO. 5154, NOW SHIELD NO. 2770, TAX ID. NO. 951094); NYPD ASSISTANT CHIEF JOSEPH GULOTTA, TAX ID 904089, and NYPD MEMBER JOHN DOE 1B,

**Index No. 22-cv-06432 (CBA)(VMS)**

Defendants.

----------------------------------------------------------------------- x

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendants respond and object to plaintiff's First Set of Interrogatories and Document Requests as follows:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,

shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.     With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each NYPD member who participated in or who has Personal Knowledge regarding the NYPD's planning for policing the Protest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is vague and ambiguous as to the meaning of the terms "participated" and "planning." Defendants also object on the grounds that it is overbroad, in that it is not limited in time as there is no time period specified, and in that it seeks the identity of "each NYPD member who participated in or who has Personal Knowledge regarding the NYPD's planning for policing the Protest," which is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case. Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting this response to the City and Garcia, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures as well as the individuals identified in the documents previously produced therewith bearing Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**INTERROGATORY NO. 2:**

Identify each Incident Commander who was present at the Protest, or who actually participated in the chain of command related to the Protest from afar.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that this is a compound interrogatory, in that it seeks to identify "each incident commander who was present" and each incident commander "who actually participated in the chain of command related to the protest," which is compound in that these are two distinct/discreet categories of information in a single request. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "participated in the chain of command" and "from afar." Defendants also object on the grounds that it is overbroad in that it seeks the identity of "each Incident Commander who was present, or who actually participated in the chain of command related to the Protest from afar." Defendants further object on the grounds that identifying "each Incident Commander who was Present at the Protest, or who actually participated in the chain of command related to the Protest from afar" may be impossible and not proportional to the needs of the case. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses.  Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges.

**BASED ON THESE SPECIFIC OBJECTIONS, DEFENDANTS WILL NOT INTERPOSE A FURTHER RESPONSE TO THIS INTERROGATORY.INTERROGATORY NO. 3:**

Identify each member of the NYPD's Legal Bureau who was present at the Protest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

        Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, and official information privileges.

        Based on these specific objections, defendants will not interpose a further response to this Interrogatory..

**INTERROGATORY NO. 4:**

        Identify each member of the NYPD's Legal Bureau whom any Defendant consulted with in connection with the NYPD's response to the Protest, before or during the Protest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

        <u>See</u> Objection and Response to Interrogatory No. 3.  Defendants also object to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the terms "before or during the protest." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope as no time period or subject matter was specified, and in that it seeks the identity of "<u>each</u> member of the NYPD's Legal Bureau whom <u>any</u> Defendant consulted with in connection with the NYPD's response to the Protest, <u>before or during</u> the Protest." Defendants further object on the grounds that identifying "each member of the NYPD's Legal Bureau whom any Defendant consulted with in connection with the NYPD's response to the Protest, before or during the Protest" may be impossible and not proportional to the needs of the case and to the

extent that it seeks information that is protected by law enforcement, official information, attorney-client, and work product privileges.

Based on these specific objections, defendants will not interpose a further response to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify each person who observed Plaintiff on July 24, 2021 prior to each Plaintiff's arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that it is overbroad in that it seeks the identity of "each person who observed Plaintiff on July 24, 2021 prior to each Plaintiff's arrest." Defendants further object on the grounds that identifying "each person who observed Plaintiff on July 24, 2021 prior to each Plaintiff's arrest" may be impossible and not proportional to the needs of the case, and to the extent this Interrogatory is non-sensical as there is only one plaintiff in this matter. Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff.  Defendants further object on the grounds that this information may not be in their possession, custody or control.  Defendants further object on the grounds that such information is not relevant to any party's claims or defenses.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting this response to the City and Garcia, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures as well as the individuals identified in the documents

previously produced therewith bearing Bates stamp Nos. Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**INTERROGATORY NO. 6:**

        Identify each person who has Personal Knowledge of Plaintiff's conduct on July 24, 2021 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

        <u>See</u> Objections and Responses to Interrogatories Nos. 1 and 5.

**INTERROGATORY NO. 7:**

        Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

        Defendants object to Interrogatory No. 7 on the grounds that it is non-sensical, is overbroad, in that it seeks to identify "<u>each</u> law, statute, code provision, order, regulation, or other ground that <u>any</u> defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff," and, as such, is also not proportional to the needs of the case. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this request on the grounds that it calls for a legal conclusion, seeks information protected by work product privilege, and is a contention interrogatory.

        Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting this response to the City and Garcia, defendants refer plaintiff to the Desk Appearance Ticket and Arrest Report, bearing Bates stamp No. DEF 000001 – DEF 000093..

- 6 -

**INTERROGATORY NO. 8:**

Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is a compound interrogatory, in that it seeks to identify "each person who <u>determined</u> that plaintiff should be arrested" and "each person who <u>participated in the determination</u> that plaintiff should be arrested" which are two distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is vague and ambiguous as to the meaning of the terms "determined" and "participated in the determination." Defendants also object on the grounds that it is overbroad in that it seeks to identify "each person who determined or participated in the determination that Plaintiff should be arrested," and, as such, is not proportional to the needs of the case. Defendants further object to the extent that it seeks information that is protected by law enforcement, official information, attorney-client, and work product privileges. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting this response to the City and Garcia, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures as well as the individuals identified in the documents previously produced therewith bearing Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**INTERROGATORY NO. 9:**

Identify each person who gave each alleged police order to Plaintiff on July 24, 2021 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is vague and ambiguous as to the meaning of the terms "police order." Defendants also object on the grounds that it is a compound interrogatory in that it seeks to identify if any "police order" was given and who, if anyone, gave such orders, which are two distinct/discreet categories of information in a single request.  Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope as there is no specificity in time period or subject matter, and in that it seeks to identify "each person who gave each alleged police order to plaintiff on July 21, 2021," and, as such, is not proportional to the needs of the case.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting this response to the City and Garcia, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures as well as the documents previously produced therewith bearing Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**INTERROGATORY NO. 10:**

If Plaintiff's arrest was a so-called "Turn-Over Arrest" within the meaning of the NYPD Patrol Guide, identify each NYPD member who played each of the roles described in the relevant Patrol Guide provision, including, but not limited to, observing officer(s); assigning or other supervising officer(s); and assigned officer(s).

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is a compound interrogatory, in that it seeks to identify 1) whether this was a "Turn-Over Arrest," 2) "each NYPD members" who played a role in plaintiff's arrest and 3) "each of the roles described" in the patrol guide, which are three distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is not relevant to the parties' claims or defenses in this action. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting this response to the City and Garcia, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures as well as the individuals identified in the documents previously produced therewith bearing Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**INTERROGATORY NO. 11:**

Identify each person who placed Plaintiff in handcuffs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants state that they do not recall and are unable to ascertain who placed plaintiff in handcuffs. Defendants further state that they are continuing to search for information responsive to this interrogatory and will supplement this response if possible.

**INTERROGATORY NO. 12:**

Identify each person who used physical force in any manner on Plaintiff on July 24, 2021 prior to or in connection with Plaintiff's arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it is a compound interrogatory in that it seeks to identify each person who used physical force on plaintiff prior to plaintiff's arrest and each person who used physical force on plaintiff in connection with plaintiff's arrest, which are two distinct/discreet categories of information in a single request. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "physical force," "manner," and "in connection with plaintiff's arrest." Defendants also object on the grounds that it is overbroad in that it seeks to identify each person who used physical force in any manner prior to plaintiff's arrest, and, as such, is not relevant to the parties' claims or defenses in this action.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting this response to the City and Garcia, defendants state that upon information and belief, co-defendant Police Officer Luis Giron and Police Officer Jorge Garcia made physical contact with plaintiff during their arrest.

**INTERROGATORY NO. 13:**

Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or for arraignment.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

See Objection and Response to Interrogatory No. 8.  Defendants further  object to Interrogatory No. 13 on the grounds that it is a compound interrogatory, in that it seeks to identify each person who decided how plaintiff's arrest should be processed and each person who participated in deciding how plaintiff's arrest should be processed which are two distinct/discreet categories of information in a single request. Defendants also object on the

- 10 -

grounds that it is vague and ambiguous as to the meaning of the terms "decided" and "participated in deciding." Defendants also object on the grounds that it is overbroad in that it seeks to identify "each person who decided or participated in deciding" in plaintiff's arrest processing and, as such, is not proportional to the needs of the case.

**INTERROGATORY NO. 14:**

Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release with a Desk Appearance Ticket, C-Summons, or after arraignment, including, but not limited to, each step of Plaintiff's arrest processing.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

See Objections and Responses to Interrogatory Nos. 1, 5, and 8.

**INTERROGATORY NO. 15:**

Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, and C-Summonses.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

See Objection and Responses to Interrogatory Nos. 1, 4, 5, 8, and 14.  Defendants further object to Interrogatory No. 15 on the grounds that it is a compound interrogatory, in that it seeks to identify each "NYPD agent" who assisted in the creation of arrest processing paperwork and each "NYPD agent" who supervised the creation of arrest processing paperwork which are two distinct/discreet categories of information in a single request. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "NYPD agent," "assisted," "supervised," and "arrest processing paperwork." Defendants further object on the grounds that it is overbroad in that it seeks to identify "each NYPD agent who 'assisted'

- 11 -

in or 'supervised' the creation of arrest processing paperwork, as such, is not proportional to the needs of the case.

**INTERROGATORY NO. 16:**

For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

See Objection and Responses to Interrogatory Nos. 1, 4, 5, 8, 14, and 15. Defendants object to Interrogatory No. 16 on the grounds that it is vague and ambiguous as to the meaning of the terms "processing," "NYPD agent," and "consulted."

**INTERROGATORY NO. 17:**

Identify each NYPD Legal Bureau agent who was present at the location at which Plaintiff's arrest was processed.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

See Objections and Responses to Interrogatory Nos. 3 and 4.  Defendants object to Interrogatory No. 17 on the grounds that that it is vague and ambiguous as to the meaning of the terms "NYPD legal Bureau agent," "arrest," and "processed." Defendants further object on the grounds that it is overbroad in that it seeks to identify "each NYPD legal bureau agent who was present at the location," and, as such, is not proportional to the needs of the case.

**INTERROGATORY NO. 18:**

For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:**

See Objections and Responses to Interrogatory Nos. 3, 4, and 17.

**INTERROGATORY NO. 19:**

Identify each author, and each person who contributed to, the factual narrative in OLBS Report, C-Summons, and accusatory instrument created in connection with Plaintiff's arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:**

See Objections and Responses to Interrogatory Nos. 1, 4, 5, 8, 14, 15, and 16.

**INTERROGATORY NO. 20:**

Identify by name or by Arrest Number each third-party arrestee whose arrest each Individual Defendant was involved in effecting or processing.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to Interrogatory No. 20 on the grounds that it is overbroad, in that it is not limited in time or scope as no time period or subject matter is specified, and in that it seeks to identify "each third-party arrestee whose arrest each individual defendant was involved in effecting or processing." Defendants further object to the extent that the information sought is neither relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, and to the extent this calls for sensitive information regarding non-parties. Defendants further object under the sealing provisions of N.Y. Criminal Procedure Law § 160.50, et al. Based on these specific objections, defendants will not interpose a further response to this Interrogatory.

**INTERROGATORY NO. 21:**

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false

swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 21:**

Defendants object to interrogatory No. 21 on the grounds that it is vague and ambiguous as to the meaning of the terms "legal proceeding," "abuse," and "lawful authority." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope as there is no time period or subject matter specified, and in that it seeks to identify "each third-party arrestee whose arrest each individual defendant was involved in effecting or processing," and, as such, is not proportional to the needs of the case. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object on the grounds that this information may not be in their possession, custody or control.  Defendants further object on the grounds that the information sought is not relevant to the parties; claims or defenses in this action.

Notwithstanding, and without waiving or in any way limiting these objections, and limiting their response to Lucy York, defendants state that the individual officers have been sued in the following cases:

Police Officer Jorge Garcia:

York, Lucy vs City of New York, et al. 22-cv-06432, November 10, 2022

Goris, Erving vs City of New York, et al. 157813/2017, September 14, 2017

**Holliday, Adrian vs City of New York, et al.** 15 Civ. 02345, July 6, 2015

Police Officer Leonel Giron:

Gray, Adam, et Al vs City of New York, et al. 21 Civ 06610, August 19, 2021

York, Lucy vs City of New York, et al. 22-cv-06432, November 10, 2022

Police Officer Justin Schivek:

Bredder, Matthew vs City of New York, et al. 22 Civ. 04293, June 7, 2022

York, Lucy vs City of New York, et al. 22-cv-06432, November 10, 2022

Sergeant Thomas Quevedo:

Malloon, Omar vs City of New York, et al. 150921/2022, June 9, 2022

York, Lucy vs City of New York, et al. 22-cv-06432, November 10, 2022

Assistant Chief Joseph Gulotta:

Lewis, Adolph, et Al vs City of New York, et al. 20-cv-01592, April 21, 2020

Young, Kareem vs City of New York, et al. 19-cv-04040, July 19, 2019

Mcallister, Jaire, et al. vs City of New York, et al.18-cv-02672, May 14, 2018

Williams, Austin vs P.O. Berk, James, et al. 16-cv-00949, May 24, 2016,

Roberts, Anthony, et al. vs City of New York, et al. 15-cv-00782, February 23, 2015

Love, Garrette vs City of New York, et al. 14-cv-06939, December 5, 2014

Scarboro, Elijah vs City of New York, et al. 3022322/2014, November 18, 2014

Sims, Tyasia, et al. vs City of New York, et al. 016220/2014, November 18, 2014

Harris, Wilbert III vs City of New York, et al. 016224/2014, November 18, 2014

Harris, Wilbert Jr. vs City of New York, et al. 016221/2014, November 18, 2014

Scarboro, Karrie vs City of New York, et al. 3022319/2014, November 18, 2014

Arnon, Lyndon, et al. vs City of New York, et al. 14-cv-02700, May 2, 2014

Pruitt, Ronald vs City of New York, et al. 14-cv-00412, March 31, 2014

Andrews, Gregory vs City of New York, et al. 14-cv-01721, March 28, 2014,

Bell, Michelle, et al. vs City of New York, et al. 13-cv-06790, December 18, 2013,

Millington, Wayne, et al. Obo J.,m. and J.,m. (2) vs City of New York, et al. 13-cv-00324,

February 4, 2013

<u>Newsome et al v. City of New York et al</u> 14-cv-01935

<u>Mitchell et al v. The City of New York et al</u> 12 Civ 02674

<u>Pruitt v. The City of New York et al</u>. 14 Civ 03969

**INTERROGATORY NO. 22:**

  Identify each person to whom each Individual Defendant has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 22:**

  Defendants object to Interrogatory No. 22 on the grounds that it is vague and ambiguous as to the meaning of the term "statement" and "related to." Defendants further object on the grounds that it is overbroad, in that it is not limited in time or scope as no time period or subject matter is specified, and in that it seeks to identify "<u>each</u> Individual Defendant" that "has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto," and, as such, is not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information that are protected by the attorney-client, official information, work product, and law enforcement privileges.

  Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting their response to Lucy York, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures as well as the documents previously produced therewith bearing Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**INTERROGATORY NO. 23:**

  For each video produced related to the Protest, identify the portions depicting each Individual Defendant by providing the Bates Number and/or other identifying information

for each such video, the name of the Individual Defendant and timestamp(s) of the footage in which that Individual Defendant appears.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 23:**

Defendants object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and to the extent that it is not relevant to the parties' claims or defenses in this matter, and not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff.  Defendants further object to the extent not every defendant is alleged to have been personally involved in the Protest.

**BASED ON THESE SPECIFIC OBJECTIONS, DEFENDANTS WILL NOT INTERPOSE A FURTHER RESPONSE TO THIS INTERROGATORY.INTERROGATORY NO. 24:**

Identify NYPD Member Does # 1 and 3, whose roles in the Incident are described in ¶¶ 80-116 of the Complaint; or, if not possible to identify any individual one of those Does, identify all steps Defendants have taken to identify NYPD Member Does #1 and 3, including the result of each action taken.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 24:**

Defendants object to Interrogatory No. 24 on the grounds that it is overbroad and not appropriately limited in time or scope, as the Interrogatory seeks the identity of "NYPD Member Does # 1-20".  Defendants further object to this Interrogatory on the grounds that it lacks specificity in that it is unclear which John Doe Officers are being referenced.  Based on these specific objections, defendants will not interpose a further response to this Interrogatory.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all documents identified or consulted in responding to the interrogatories above.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants refer to the documents identified in their interrogatory responses and document request responses.

### DOCUMENT REQUEST NO. 2:

Produce all documents reflecting intelligence, investigations, and other information gathered by or provided to the Individual Defendants, including Defendant Jorge Garcia and Officer Leonel Giron, or the NYPD related to the Protest, prior to the Protest, including, but not limited to, all NYPD intelligence documents and NYPD Intelligence Bureau and Counterterrorism Bureau documents, and all documents provided to the NYPD by other governmental or private entities.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that it is vague and ambiguous as to the meaning of the terms "intelligence," "investigations," "information," "gathered by," and "provided to." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting intelligence, investigations, and other information gathered by or provided to the Individual Defendants," and "all documents provided to the NYPD by other governmental or private entities." Defendants further object to this request on the grounds that it is not appropriately limited in time or scope as no time period or subject matter is specified; and it is unduly burdensome and not proportional to the needs of the case insofar as

the burden of identifying every document pertaining to this request outweighs any likely benefit to plaintiff.  Defendants further object to this Request to the extent the documents sought are not relevant to any party's claims or defenses in this action. Defendants further object to this Request to the extent it seeks documents that are protected by the attorney-client, official information, work product, and law enforcement privileges.  Defendants further object to this Request to the extent it seeks information which might be sealed or protected by operation of law (e.g., N.Y. Crim. Proc. L. § 160.50 or HIPAA). Based on these specific objections, defendants will not interpose a further response to this Document Request.

**DOCUMENT REQUEST NO. 3:**

Produce all documents, including spreadsheets and documents reflecting investigations, communications, or other information regarding, so-called "Scheduled" and "Unscheduled Events" on the date of the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

See Objections and Response to Document Request No. 2. Defendants also object to Document Request No. 3 on the grounds that it is vague and ambiguous as to the meaning of the terms "communications," "investigations," "information," "unscheduled events," and "scheduled." Defendants also object on the grounds that it is overbroad in requesting "all documents including spreadsheets and documents reflecting investigations, communications, or other information regarding, so-called "Scheduled" and "Unscheduled Events" on the date of the Protest.." Defendants further object to this Request on the grounds that it assumes facts not established, *i.e.*, that the documents requested therein exist.

**DOCUMENT REQUEST NO. 4:**

Produce all documents reflecting information within the NYPD's care, custody, or control related to proposed or potential protest-related events or incidents on July 24, 2021,

including, but not limited to, the Protest, and including, but not limited to, reports, communication (including digital communications), and other documents containing any such information generated by or available to the NYPD's Intelligence Division or Counterterrorism Bureau.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

<u>See</u> Objections and Response to Document Request No. 2. Defendants also object to Document Request No. 4 on the grounds that it is vague and ambiguous as to the meaning of the terms "information," "care, custody, or control," "protest-related events or incidents," "reports," "communications," and "Digital communications." Defendants also object on the grounds that it is overbroad in requesting "<u>all</u> <u>documents</u> reflecting information within the NYPD's care, custody, or control related to proposed or potential protest-related events."

**DOCUMENT REQUEST NO. 5:**

Produce all documents, including internal NYPD communications, related to planning for policing the Protest, including, but not limited to:

a. Requests for Detail and all responses and endorsements thereto;

b. To/From memoranda, UF-49's, 49's, and letters;

c. E-mails and other digital communications; and

d. Any other documents reflecting information relied on by the NYPD in planning for policing the Protest, including, but not limited to, documents containing any such information generated by or available to the NYPD's Intelligence Division or Counterterrorism Bureau.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

<u>See</u> Objections and Response to Document Request No. 2. Defendants also object to Document Request No. 5 on the grounds that it is vague and ambiguous as to the meaning of

the terms "internal NYPD communications," "planning," "requests for detail and all responses and endorsements," "information relied on," and "documents containing any such information." Defendants also object on the grounds that it is overbroad in requesting "all documents related to planning for policing the protest." Defendants further object to this Request on the grounds that it assumes facts not established, *i.e.*, that the documents requested therein exist.

**DOCUMENT REQUEST NO. 6:**

Produce all Detail Rosters including the Individual Defendants' names and all such Detail Rosters reflecting the identities of other NYPD members who were assigned to police the Protest, or who responded to or were actually involved in the police response to the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

See Objections and Response to Document Request No. 2. Defendants also object to Document Request No. 6 on the grounds that it is overbroad in requesting "all detail rosters…reflecting the identities of other NYPD members who were assigned to police the protest, or who responded to or were actually involved in the police response to the protest."

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting their response to this incident, defendants refer plaintiff to the documents previously produced with defendants' Initial Disclosures  bearing Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**DOCUMENT REQUEST NO. 7:**

Produce all July 24, 2021 Roll Calls for each NYPD Precinct out of which an Individual Defendant turned out on July 24, 2021.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

See Objections and Response to Document Request Nos. 2 and 6.

**DOCUMENT REQUEST NO. 8:**

Produce all documents reflecting the actual or intended deployment of NYPD barricades at the Protest or within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

<u>See</u> Objections and Response to Document Request No. 2. Defendants object to Document Request No. 8 on the grounds that it is vague and ambiguous as to the meaning of the terms "actual or intended deployment." Defendants also object on the grounds that it is overbroad in requesting "<u>all</u> documents reflecting the actual or intended deployment of NYPD barricades at the Protest or within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest." Defendants further object to this Request on the grounds that it assumes facts not established, *i.e.*, that the documents requested therein exist.

**DOCUMENT REQUEST NO. 9:**

Produce all documents reflecting the actual or intended deployment of NYPD vehicles to the Protest or within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

<u>See</u> Objections and Response to Document Request Nos. 2 and 8. Defendants further object to Document Request No. 9 on the grounds that it is vague and ambiguous as to the meaning of the terms "actual or intended deployment." Defendants also object on the grounds that it is overbroad in requesting "<u>all</u> documents reflecting the actual or intended deployment of NYPD vehicles at the Protest or within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest."

- 22 -

**DOCUMENT REQUEST NO. 10:**

Produce all documents reflecting the actual or intended deployment of NYPD members, including SRG members, to the Protest or within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest, including, but not limited to, "204's", Operations Unit Detail Section Records, Detail Breakdown Sheet forms and other Detail Breakdown records; "Who's Who" documents; "Detail Overview" documents; "Force Figures" documents; NYPD overtime documents; and NYPD Office of Management Assistance and Planning ("OMAP") documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

See Objections and Response to Document Request Nos. 2, 8, and 9. Defendants object to Document Request No. 10 on the grounds that it is vague and ambiguous as to the meaning of the terms "actual or intended deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting the actual or intended deployment of NYPD members, including SRG members, to the Protest or within in a ten-block radius of the Protest, including at the time and location of each Plaintiff's arrest."

**DOCUMENT REQUEST NO. 11:**

Produce all documents reflecting the conditions with respect to vehicular and/or pedestrian traffic within in a ten-block radius of the Protest, including at the time and location of Plaintiff's arrest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vague and ambiguous as to the meaning of the term "conditions." Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting the conditions with respect to vehicular and/or pedestrian traffic within in a ten-block radius of the Protest, including at the

time and location of each Plaintiff's arrest." Defendants further object to this Request on the grounds that it assumes facts not established, *i.e.*, that the documents requested therein exist. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to the extent that the information sought is neither relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, and to the extent this calls for sensitive information regarding non-parties. Based on these specific objections, defendants will not interpose a further response to this Document Request.

**DOCUMENT REQUEST NO. 12:**

Produce all videos related to Plaintiff's arrest or to the Protest, including, but not limited to, all:

 a. NYPD body-worn camera footage related to the Protest, including, but not limited to, such footage from each Individual Defendant and every NYPD member within30' of each Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

 b. ARGUS footage;

 c. Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

 d. Footage captured by the NYPD's Aviation Unit; and

 e. All other video footage in Defendants' care, custody, or control.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is overbroad in requesting "all videos related to plaintiff's arrest or to the protest." Defendants further object to this request on the grounds that it is not appropriately limited in time or scope; and it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every video depicting the protest outweighs any likely benefit to plaintiff.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting their response to the claims underlying plaintiff's complaint, defendants refer plaintiff to Bates Nos DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**DOCUMENT REQUEST NO. 13:**

Produce all photographs related to the Protest depicting Plaintiff or Individual Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, or arrest processing, including, but not limited to, all:

    a. Arrest and mass or large-scale arrest processing photographs, whether taken at the scene of the arrest; outside of or at a Mass Arrest Processing Center ("MAPC") or other NYPD location, or otherwise;

    b. Prisoner movement slips; and

    c. All other arrest processing, including MAPC, photographs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is vague and ambiguous as to the meaning of the terms "created in connection with" and "relates to or concerns plaintiff's arrest," and "all other arrest processing photographs." Defendants also object on the grounds that it is overbroad, in that it is not appropriately limited in time or scope, in that

this document request appears to request production of all photographs depicting plaintiff, the individual defendants, and all other arrest processing photographs related to the protest, and, as such, it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every photograph depicting the protest outweighs any likely benefit to plaintiff.

Based on these specific objections, defendants will not interpose a further response to this Request.

**DOCUMENT REQUEST NO. 14:**

Produce all Mass Arrest Pedigree Labels (PD244-093) created depicting Plaintiff or Individual Defendant or created in connection with or that relates to or concerns each Plaintiff's arrest, pre-arrest conduct, or arrest processing related to the Protest, including, but not limited to, any created by an Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is non-sensical as there is only one plaintiff in this case, is vague and ambiguous as to the meaning of the terms "created in connection with" and "relates to or concerns plaintiff's arrest." Defendants also object on the grounds that it is overbroad, in that it is not appropriately limited in time or scope, in that this document request appears to request production of all mass arrest pedigree labels that relate to plaintiff's arrest <u>or</u> that relate to the protest, and, as such, it is unduly burdensome, not relevant to the parties' claims or defenses in this action and not proportional to the needs of the case insofar as the burden of identifying every photograph depicting the protest outweighs any likely benefit to plaintiff. Based on these specific objections, defendants will not interpose a further response to this Document Request.

**DOCUMENT REQUEST NO. 15:**

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Protest, including, but not limited to:

a.      911 calls related to the Protest, and all documents related to responses thereto;

b.      311 calls related to the Protest, and all documents related to responses thereto;

c.      NYPD Citywide One, Citywide Two, or other internal NYPD communications channels, including, but not limited to, any such communications on channels identified in the NYPD's SRG Guide;

d.      Recorded communications that were considered for use, or that were used, over an NYPD Long Range Acoustic Device ("LRAD"), and all documents reflecting the author(s) of such statements and their potential or intended uses;

e.      Texts, e-mails, and other digitally recorded communications; and

f.      The recording of the "factors behind th[e] decision" to allow a male officer to search Plaintiff after she requested otherwise, as required by NYPD policy (*see, e.g.,* 2018 Letter (defined below) at 10).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

See Objections and Response to Document Request No. 2. Defendants object to Document Request No. 15 on the grounds that it is compound, vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks documents that is not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants

- 27 -

object to this request to the extent it is unduly burdensome as it seeks all communications related to the arrest or incident, without limitation beyond parties or those involved in the arrest or incident, including individuals who may have seen media reports regarding the incident.

Notwithstanding, and without waiving or, in any way, limiting these objections, and limiting their response to Lucy York, defendants refer plaintiff to the documents identified in plaintiff's Initial Disclosures bearing Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**DOCUMENT REQUEST NO. 16:**

Produce all documents, including NYPD Disorder Control Unit documents, related to LRAD deployments and uses, and identifying LRAD operators, at the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 17:**

Produce all SPRINT reports related to the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 18:**

Produce all Event Chronologies and Event Summaries related to the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 19:**

Produce all ICAD Chronologies and reports related to the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 20:**

Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

See Objections and Response to Document Request Nos. 2 and 15.

**DOCUMENT REQUEST NO. 21:**

Produce all documents created related to the Protest created at or through any of the following, including, but not limited to, any logs, summaries, and communications (including electronic communications):

      a.   Any Command Post, Mobile Command Post, Incident Command Post, or THV;

      b.   The Real Time Crime Center;

      c.   Any Joint Operations Center; and

      d.   Any other NYPD or joint operations or other, similar command.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

See Objections and Response to Document Request Nos. 2 and 15. Defendants object to Document Request No. 21 on the grounds that it is overbroad in requesting "all documents reflecting intelligence, investigations, and other information gathered by or provided to the Individual Defendants," and "all documents created related to the Protest created at or through any of the following, including, but not limited to, any logs, summaries, and communications."

**DOCUMENT REQUEST NO. 22:**

Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Protest, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

See Objections and Response to Document Request Nos. 5, 15, and 21. Defendants object to document request No. 22 on the grounds that it is vague and ambiguous as to the meaning of the terms "internal NYPD communications" and "related to" plaintiff's arrest, and is not limited in scope. Defendants also object on the grounds that it is overbroad in requesting "all documents reflecting internal NYPD communications related to plaintiff's arrest or the protest."

**DOCUMENT REQUEST NO. 23:**

Produce all documents related to requesting the deployment of the NYPD's TARU unit related to the Protest, including, but not limited to, any internal NYPD communications between the NYPD's Legal Bureau and TARU.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

See Objections and Response to Document Request Nos. 2. Defendants object to Document Request No. 23 on the grounds that it is vague and ambiguous as to the meaning of the terms "requesting the deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents related to requesting the deployment of the NYPD's TARU unit related to the Protest, including, but not limited to, any internal NYPD communications between the NYPD's Legal Bureau and TARU."

**DOCUMENT REQUEST NO. 24:**

Produce all documents reflecting the creation or disposition of any NYPD TARU footage created related to the Protest, including, but not limited to, any such documents required by or referred to in the NYPD Patrol Guide.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

See Objections and Response to Document Request No. 23.

**DOCUMENT REQUEST NO. 25:**

Produce all documents related to the deployment of the NYPD's Aviation Unit related to the Incident or the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

See Objections and Response to Document Request Nos. 2. Defendants object to Document Request No. 25 on the grounds that it is vague and ambiguous as to the meaning of the terms "deployment." Defendants also object on the grounds that it is overbroad in requesting "all documents related to the deployment of the NYPD's Aviation Unit related to the Incident or the Protest."

**DOCUMENT REQUEST NO. 26:**

Produce all documents reflecting the creation or disposition of any NYPD Aviation Unit footage created related to the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

See Objections and Response to Document Request No. 25.

**DOCUMENT REQUEST NO. 27:**

Produce all documents reflecting NYPD uses of force related to Plaintiff or the Protest or any resulting injuries or medical treatment, including, but not limited to, any NYPD Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment

- 31 -

of Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other ambulance, EMT, and medical records, and all other documents related to any such use of force or any resulting injuries or medical treatment.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants further object to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Notwithstanding, without waiving or, in any way, limiting these objections, and limiting this response to any physical force used against plaintiff pertaining to the incident alleged in the complaint, defendants refer plaintiff to Bates stamp Nos. DEF 000001 – DEF 000093, and those identified in the documents produced herein as DEF 000094 – DEF 000107.

**DOCUMENT REQUEST NO. 28:**

If any Defendant claims any NYPD member was injured as a result of the Protest, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

See Objections and Response to Document Request No. 27. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA").

Notwithstanding, without waiving, or in any way limiting, these objections or the General Objections, and limiting this response to the individual defendants represented by this Office, defendants state there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 29:**

Produce a version of the Mass Arrest Report related to the Protest redacted to exclude only the private, identifying information of non-parties, not Arrest #s or other non-private, identifying information.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

See Objections and Response to Document Request No. 27.

**DOCUMENT REQUEST NO. 30:**

Produce the Command Log from any NYPD Precinct or MAPC at which arrests were processed related to the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 31:**

Produce all documents including statements made by each Individual Defendant or other witnesses related to Plaintiff's arrest or the Protest, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

See Objection and Response to Interrogatory No. 22.

**DOCUMENT REQUEST NO. 32:**

Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the Protest or that otherwise relate to Plaintiff's arrest or the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

See Objections and Response to Document Request No. 27.

**DOCUMENT REQUEST NO. 33:**

Produce all Prisoner Pedigree Cards (PD244-092) created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 34:**

Produce all MAPC Intake Sheets created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 35:**

Produce all C-Summonses created related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 36:**

Produce all Online Booking Sheet ("OLBS") printouts concerning arrests related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 37:**

Produce all OLBS Arrest Worksheets (PD 244-159) (including any scratch and/or handwritten OLBS Arrest Worksheets) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 38:**

Produce all Complaint Reports (PD 313-152) and Complaint Report Worksheet(s) (PD 313-152A) related to the Protests, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 39:**

Produce all Desk Appearance Tickets (PD 260-121) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 40:**

Produce all Desk Appearance Ticket Investigation Sheets (PD 360-091) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 41:**

Produce all Property Clerk Invoices (PD 521-141) related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 42:**

Produce all other NYPD records reflecting the disposition of any property seized from Plaintiff related to the Protest, including, but not limited to, any NYPD Property and Evidence Tracking System ("PETS") documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

<u>See</u> Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 43:**

Produce all Online Prisoner Arraignment ("OLPA") Reports regarding arrests related to the Protest, redacted to exclude the private, identifying information of non-parties, aside from the Arrest Numbers associated with their arrests.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

<u>See</u> Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 44:**

Produce all documents sufficient to identify each NYPD member (including any such supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing, including their creation of arrest processing paperwork.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

<u>See</u> Objections and Response to Document Request No. 27. Defendants object to Document Request No. 44 on the grounds that it is vague and ambiguous as to the meaning of the terms "assisted in" and "supervised," and to the extent it does not specify whose arrest processing this document request refers to.

**DOCUMENT REQUEST NO. 45:**

Produce all documents, including internal NYPD communications, created after the Protest summarizing, critiquing, or evaluating events related to the Protest, including, but not limited to:

      a.  Unusual Occurrence Reports;

      b.  Unusual Incident Reports;

      c.  After-Action Reports;

      d.  To/From memoranda, UF-49's, 49's, and letters; and

      e.  E-mails.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

See Objections and Response to Document Request Nos. 2 and 5. Defendants further object to Document Request No. 45 on the grounds that it is overbroad in requesting "all documents including internal NYPD communications, created after the Protest summarizing, critiquing, or evaluating events related to the Protest."

**DOCUMENT REQUEST NO. 46:**

Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants object to Document Request No. 46 on the grounds that it is duplicative, vague, ambiguous, overbroad, and not sufficiently limited in time or scope, as this document requests "all documents provided by any individual defendant to any prosecutor or court related to plaintiff's arrest or the protest," and, as such, it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every document pertaining to this request outweighs any likely benefit to plaintiff. Defendants further object to

the extent that this document request seeks production of documents that are not relevant to the instant lawsuit as, upon information and belief, plaintiff was not prosecuted for the conduct that formed the basis for his arrest. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 47:**

Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Protest, including prosecutor's notes and criminal court accusatory instruments.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

See Objections and Response to Interrogatory No. 22 and Document Request Nos. 31 and 46.

**DOCUMENT REQUEST NO. 48:**

Produce all documents provided by any Individual Defendant or NYPD member related to Plaintiff's prosecution, or any prosecution arising from the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 49:**

Produce all documents related to or reflecting communications between a prosecutor or court and a Defendant related to Plaintiff's prosecution.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 50:**

Produce all documents related to notifications to appear in New York City Criminal Court or New York State Supreme Court in connection with criminal prosecutions

related to the prosecution of Plaintiff regarding the Protest, including, but not limited to, all Court Appearance Control System ("CACS") notifications related to Plaintiff's prosecutions created pursuant to NYPD Patrol Guide Provisions 211-04 and 211-05.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 51:**

Produce all documents related to attendance in New York City Criminal Court or New York State Supreme Court in connection with Plaintiff's prosecution related to the Incident, including, but not limited to, the Individual Defendants' Court Attendance Records (PD 468-141).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

See Objections and Response to Document Request Nos. 46 and 50.

**DOCUMENT REQUEST NO. 52:**

Produce copies of each discovery demand made pursuant to New York law or request to preserve or produce documents that were received by the NYPD from any prosecutor or defendant in connection with criminal prosecutions arising from Plaintiff's arrest or the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 53:**

Produce all documents reflecting or related to the dispositions of any criminal case brought against Plaintiff or related to the Protest, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 54:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against arrestees at the Protest, including Plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

See Objections and Response to Document Request No. 46.

**DOCUMENT REQUEST NO. 55:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Protest, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendants object to Document Request No. 55 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope as there is no time period or subject matter specified, and to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this action, nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 56:**

   Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Protest, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

   Defendants object to Document Request No. 56 on the grounds that it is vague, ambiguous, and overbroad, in that it is not sufficiently limited in time or scope as there is no time period or subject matter specified, in that it seeks production of "all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Protest," Defendants further object to the extent that this document request seeks documents that are not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, and to the extent that it seeks documents that are not within defendants' possession, custody, or control. Defendants further object to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, deliberative process, or other applicable privilege, and to the extent that it seeks

documents that are sealed pursuant to N.Y. C.P.L. § 160.50. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 57:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident and/or the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

See Objections and Response to Document Request Nos. 27, 28, 29, and 56.

**DOCUMENT REQUEST NO. 58:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

See Objections and Response to Document Request Nos. 27, 28, 29, 56 and 57. Defendants object to Document Request No. 58 on the grounds that it is vague ambiguous, and overbroad, as it is not sufficiently limited in time or scope as there is no time period or subject matter specified, in that this document requests production of "all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by the City of New York or any of its agencies." Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 59:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Protest undertaken by any other State,

Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

<u>See</u> Objections and Response to Document Request Nos. 27, 28, 29, 56, 57, and 58. Defendants further object to Document Request No. 59 on the grounds that it is vague ambiguous, and overbroad, as it is not sufficiently limited in time or scope as there is no time period or subject matter specified, in that this document requests production of "<u>all</u> <u>documents</u> concerning <u>any other complaint</u> received, or investigation or prosecution – actual or potential - <u>concerning the Protest</u> undertaken by <u>any other</u> State, Federal, or other entity." Defendants further object on the ground that it seeks documents that not within defendants' possession, custody, or control.  Defendants also object to the extent this information is equally available to plaintiff. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 60:**

Produce each Individual Defendant's NYPD Academy transcript.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Defendants object to this request to the extent it is vague and ambiguous as to the word "transcript.' Defendants further object to the extent that this document request seeks documents that are not relevant to the claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 61:**

Produce each Individual Defendant's current NYPD Personnel Profile Report – All History.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Defendants object to Document Request No. 61 on the grounds that this request invades the privacy rights of the individual defendants and/or non-parties, to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55, and to the extent it seeks documents that are protected by the official information, law enforcement, and/or deliberative/pre-decisional privileges. Defendants also object to the extent it seeks documents not related to allegations that are not similar to those alleged in the complaint in this action and to the extent that it seeks allegations of misconduct that were not substantiated or did not result in a finding of misconduct, do not pertain to defendants' veracity or credibility, and which occurred more than ten years prior to the incident underlying the complaint. Defendants further object to the extent that it seeks documents that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff.

Subject to, and without waiving or in any way limiting these specific objections, and limiting this response to the defendants' performance evaluations 10 years prior to the incident, defendants state that they are still searching for responsive information and will supplement this response accordingly.

**DOCUMENT REQUEST NO. 62:**

Produce each Individual Defendant's current NYPD Central Personnel Index ("CPI") report.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendants object to Document Request No. 61 on the grounds that this request invades the privacy rights of the individual defendants and/or non-parties, to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55, and to the extent it seeks documents that are protected by the official information, law enforcement, and/or deliberative/pre-decisional privileges.  Defendants also object to the extent it seeks irrelevant documents related to allegations that are not similar to those alleged in the complaint in this action and to the extent that it seeks allegations of misconduct that were not substantiated or did not result in a finding of misconduct, do not pertain to defendants' veracity or credibility, and which occurred more than ten years prior to the incident underlying the complaint. Defendants further object to the extent that it seeks documents that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff.

Subject to, and without waiving or in any way limiting these specific objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from ten years prior to the alleged incident to the date of the alleged incident for the individual defendants, defendants state that they are still searching for responsive information and will supplement this response accordingly.

**DOCUMENT REQUEST NO. 63:**

Produce each Individual Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

- 46 -

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

<u>See</u> Objections and Response to Document Request Nos. 62.  To the extent plaintiff seeks IAB documents beyond the IAB resume that are not related to this incident and unrelated to the instant plaintiff, this request is not proportional to the needs of the case.

**DOCUMENT REQUEST NO. 64:**

Produce each Individual Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

<u>See</u> Objections and Response to Document Request Nos. 62-63.  To the extent plaintiff seeks CCRB documents beyond the CCRB resume that are not related to this incident and unrelated to the instant plaintiff, this request is not proportional to the needs of the case.

Subject to, and without waiving or in any way limiting these specific objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from ten years prior to the alleged incident to the date of the alleged incident for the individual defendants, defendants state that this information is publicly available.

**DOCUMENT REQUEST NO. 65:**

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants, including, but not limited to, any GO-15 statements.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

<u>See</u> Objections and Response to Document Request Nos. 61-64.

**DOCUMENT REQUEST NO. 66:**

Produce each Individual Defendant's complete NYPD personnel file.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

See Objections and Response to Document Request Nos. 27, 28, and 60.

**DOCUMENT REQUEST NO. 67:**

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant has been subjected to during their time as a NYPD member.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

See Objections and Response to Document Request Nos. 27, 28, and 60-64.

**DOCUMENT REQUEST NO. 68:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

See Objections and Response to Document Request Nos. 27, 28, and 60-64.  This request is not proportional to the needs of this case.

**DOCUMENT REQUEST NO. 69:**

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant identified in response to Interrogatory No. 19 above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 69:**

See Objections and Response to Interrogatory No. 21 and Document Request Nos. 27, 28, and 60. Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties.

**DOCUMENT REQUEST NO. 70:**

Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant identified in response to Interrogatory No. 19 above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 70:**

See Objections and Response to Document Request Nos. 27, 28, 60, and 69.

**DOCUMENT REQUEST NO. 71:**

Produce any other documents reflecting the training each Individual Defendant received, whether at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

a.   The First Amendment, including as it relates to demonstrations and protests;

b.   Dispersal orders;

c.   The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests, including at a demonstration or protest;

d.   Protest policing tactics and operations;

e.   Disorder Control tactics and operations, including responses to civil disorder and riots;

- 49 -

f.   Strategic Response Group tactics and operations;

g.   Crowd control tactics and operations;

h.   Use of force, the force continuum, and de-escalation;

i.   Use of force reporting;

j.   Use of handcuffs, including flex-cuffs, including in connection with arrests made at a protest or demonstration;

k.   Tight cuffing injuries and the circumstances under which handcuffs, or flex-cuffs, should or must be loosened or removed;

l.   NYPD body-worn camera use, including the circumstances under which bodyworn cameras are meant to be activated;

m.   Incident command, chain of command, command and control, and intended operations during a demonstration or protest, Special Event, or Critical Incident;

n.   Probable cause to arrest or prosecute a person for any of the grounds identified in response to Interrogatory No. 7;

o.   Arrest processing, including, but not limited to, the creation of arrest processing documents;

p.   Mass or large-scale arrest processing, including, but not limited to:

   i.   The use of mass or large-scale arrest processing photographs;

   ii.   The use of a Mass Arrest Processing Center ("MAPC");

   iii.   The intended roles of NYPD Legal Bureau Attorneys in mass or large-scale

   iv.   arrest processing; and

v.   Documents created in connection with mass or large-scale arrest processing.

q.   Investigations, including photographic and video surveillance, in connection with protests;

r.   Eligibility for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

s.   Implementation of the 2020 amendments to New York Criminal Procedure Law § 150.20;

t.   Processing, including arrest and large-scale arrest processing steps and documents intended to be created, for release with a C-Summons or Desk Appearance Ticket in both arrest processing and mass or large-scale arrest processing circumstances;

u.   The creation of NYPD arrest and arrest processing-related documents;

v.   COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations;

w.   The treatment of transgender people during arrest, including housing, forms of address, and the like;

x.   Sexual harassment, assault, or misconduct during arrests;

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 71:**

Defendants object to Document Request No. 71 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope as there is no time period

- 51 -

specified and the subject matter is not sufficiently limited, and to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff (the request, for example, seeks "the training history" without limitation of time or relevance to the instant case), and to the extent that the documents sought is publicly available and, thus, equally available to all parties. Defendants also object to this request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, the law enforcement privilege, or other applicable privileges.

Subject to, and without waiving, or in any way limiting, these specific objections, and limiting their response to the claims underlying plaintiff's compalint, defendants refer plaintiff to individual officer training history available on the publicly accessible website https://nypdonline.org/link/2.

**DOCUMENT REQUEST NO. 72:**

Produce all documents reflecting the training each Individual Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 71.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 72:**

See Objections and Response to Document Request No. 71.

**DOCUMENT REQUEST NO. 73:**

Produce all documents reflecting the NYPD's official policies that were in effect at the time, related to the topics in Document Request No. 71, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 73:**

Defendants object to Document Request No. 73 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, it is unduly burdensome, to the extent that the documents  sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.

Subject to, and without waiving, or in any way limiting, these specific objections, and limiting their response to the claims underlying plaintiff's compalint, defendants refer plaintiff to NYPD Patrol Guide and Administrative Guide provisions available on the publicly accessible  website https://www.nyc.gov/site/nypd/about/about-nypd/manual.page.

**DOCUMENT REQUEST NO. 74:**

Produce all documents concerning the February 9, 2018 letter (the "2018 Letter") sent by the then-Commissioner and Deputy Commissioner of Legal Matters regarding NYPD's policies specific to (among other things) transgender New Yorkers, responding to the Office of the Inspector General's (OIG) findings that NYPD fell short in serving that community,[1] including, but not limited to:

    a.  All documents concerning the OIG's investigation and recommendations;

    b.  All communications, investigatory records, and other documents created in the course of and concerning the response to the OIG;

---

[1] For clarity, this is the letter attached as Exhibit 1 to Plaintiff's First Requests for Admission.

- 53 -

    c.   All documents concerning the factual assertions made in the 2018 Letter;

    d.   All documents concerning the document identified as the "October 2012 Training Memo" in the 2018 Letter;

    e.   All documents concerning the documents identified as the "Interim Orders" in the 2018 Letter; and

    f.   All documents concerning the training each Individual Defendant received as described in the 2018 Letter.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 74:**

Defendants object to Document Request No. 74 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, it is unduly burdensome, to the extent that the documents sought are publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 75:**

Produce all press or news clips, social media postings, or Internet links gathered or received by the NYPD related to the Protest, including, but not limited to, any such documents or information gathered by the NYPD's Deputy Commissioner for Public Information ("DCPI"), Intelligence Division, Counterterrorism Bureau, or otherwise.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 75:**

Defendants object to Document Request No. 75 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, it is unduly burdensome, to the extent that the documents sought are publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 76:**

Produce all documents reflecting or related to press inquiries, press statements, and interviews related to the Protest, including, but not limited to, documents reflecting to or related to any communications, such as statements made at press conference or in texts or e-mails, to or from then-Mayor de Blasio, the NYPD Commissioner at the time, any Individual" Defendants, NYPD members assigned to the DCPI's Office, or other NYPD members.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 76:**

See Objections and Response to Document Request No. 75.

**DOCUMENT REQUEST NO. 77:**

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Protest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 77:**

See Objections and Response to Document Request No. 75.

**DOCUMENT REQUEST NO. 78:**

Produce all documents received by the New York City Law Department related to the Protest pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap sheets, medical records, and all other records from any source whatsoever, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 78:**

See Objections and Response to Document Request Nos. 27, 28, and 29.

**DOCUMENT REQUEST NO. 79:**

Produce all documents Defendants intend to use at any deposition in this case, including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 79:**

Defendants will comply with the FRCP, and reserve their right to use any documents permitted under the Federal Rules.  Absent an order from this Court, defendants will not identify such documents in advance of any depositions.

**DOCUMENT REQUEST NO. 80:**

Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 80:**

Defendants object to Document Request No. 80 on the grounds that it is premature and implicates the attorney work product privilege.  Defendants reserve their right to use any documents permitted under the Federal Rules and will identify such documents at the time the Judge's Individual Rules so require.

**DOCUMENT REQUEST NO. 81:**

Produce all documents concerning any lien the Defendant City asserts it has against any recovery Plaintiff may be entitled to, including, but not limited to Medicaid or any other debt the City claims is owed to any City agency, including but not limited to the Department of Finance, the Department of Sanitation, or the Environmental Control Board.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 81:**

Defendants object to Document Request No. 81 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this action.  Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 82:**

Produce all documents concerning any time in the last 10 years the City has declined to indemnify an individual police officer against a judgment for compensatory damages.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 82:**

Defendants object to Document Request No. 82 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, it is unduly burdensome, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 83:**

Produce all documents concerning any time in the last 10 years the City has declined to indemnify an individual police officer against a judgment for punitive damages.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 83:**

Defendants object to Document Request No. 83 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff, it is unduly burdensome, , and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Based on these specific objections, defendants will interpose no further response to this request.

Dated:  New York, New York
        July 15, 2024


                        MURIEL GOODE-TRUFANT
                        Acting Corporation Counsel of the
                         City of New York
                        *Attorney for Defendants*
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2410



                By:     *Peter Scutero*
                        _____
                        PETER SCUTERO
                        *Senior Counsel*


- 58 -

TO:    COHEN & GREEN P.L.L.C.
       *Attorneys for Plaintiff*