

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ELISSA JACOBS**
*Senior Counsel*
phone: (212) 356-3540
mobile: (646) 384-5885
ejacobs@law.nyc.gov

July 25, 2024

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  York v. the City of New York, et al.
       22-CV-6432 (OEM) (VMS)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney representing Defendants the City of New York ("City") and Jorge Garcia in the above-referenced matter. I am writing on behalf of the City and Mr. Garcia to respectfully request a one-week enlargement of time, from July 25, 2024 to August 1, 2024, to respond to the Plaintiff's Motion for Discovery and Local Rule 37.2 Conference. *See* ECF No.38.

  By way of background, Plaintiff served her discovery requests on Defendants on October 31, 2023. Following a series of extensions, Defendants served their responses on July 15, 2024. Plaintiff then attempted to confer regarding her dissatisfaction with Defendants' responses. Unfortunately, Defendants were unable to meet and confer with Plaintiff as the attorney assigned to this matter, Peter Scutero, left the Law Department on July 19, 2024. Plaintiff was informed of Mr. Scutero's departure and Defendants inability to confer within the time frame desired by Plaintiff. On July 22, 2024, the next business day after Mr. Scutero's departure, Plaintiff filed her Motion for Discovery. *See* ECF 38. This case was reassigned to me on July 24, 2024. On that

same date, I entered my appearance as counsel in this matter. (*See* ECF Docket Entry No. 40).[1] I also reached out to plaintiff's counsel regarding their letter for discovery.

Plaintiff does not consent to this request and states the following:

*The Court should deny Defendants' motion on its face because it violates the Court's Practices and clear directions the Court gave Defendants once again: Defendants are moving on the day of the deadline. But see Apr. 29, 2024 Minute Order ("The parties must comply with Rule II.b. of Judge Vera M. Scanlon's Individual Rules for all future requests for extensions of time"); see also, ECF No. 35 (another application since the same order, filed after a deadline Defendants didn't bother seeking an extension on). And indeed, Defendants reached out for a position yesterday, but did not file the application then -- meaning the timing seems calculated to take, rather than ask for, the extension.*

*If the Court reaches the merits, Plaintiff objects to this extension because -- given the fact the most basic discovery obligations are what is at stake -- it is likely to lead to the need to push back the discovery end date yet again, which the Court has made clear it is loathe to do.*

*In short, Defendants have not stated what it is they are withholding or not, or explained any of their boilerplate objections, almost certainly because they have not actually performed a diligent or complete search for documents yet. This motion was clearly going to follow from Defendants' refusal to confer -- and the supervisor who has now appeared on the docket was clearly aware of it, given prior counsel's representation that before meeting and conferring, he was "conferring internally" in order to provide a date to meet and confer. That the same that counsel, after conferring, sent an email demanding 30 extra days after 6:30 p.m. on Friday, before his email was disconnected on Monday, reflects a strategy of delay that appears to have come directly from that "conferring" with Law Department supervisors.*

*Plaintiff made clear she would agree to extensions if Defendants "move for and get [a discovery end date] extension." ECF No. 38 at 1. Since Defendants have not made such an application, Plaintiff objects to any extension on briefing these extremely basic issues.*

Defendants respectfully disagree with Plaintiff's position. First, defendants apologize for the inability to comply with Your Honor's Individual Rules regarding requests for extensions of time as we familiarize ourselves with this matter. While Plaintiff may attempt to portray Defendants request as calculated, the basic facts of this matter's reassignment necessitates additional time and explains the timing of our request.. Attorney Peter Scutero's last day with the Law Department was Friday, July 19, 2024. Plaintiff filed her motion the following Monday, July 22, 2024. The case was reassigned to myself and Ms. Ochoa on Wednesday, July 24, 2024, and it was only at that time that this Office became aware of the motion that had been filed. Ms. Ochoa reached out to plaintiff's counsel yesterday afternoon, and Mx. Green responded at approximately 4:30 with their position. As Ms. Ochoa and I had been assigned the case only a few hours earlier

---

[1] I will be aided in this matter by Jessica M. Ochoa, Esq. Ms. Ochoa is a member in good standing with the New York State Bar (No. 6124655) as well as admitted to practice before the U.S. District Courts of the District of Columbia (No. 1736588) and Maryland (No. 30564). She is currently in the process of being admitted to practice before the present court.

and plaintiff was discussing the history of the case in her response, it took us some time to review her position and consider a response.[2]  Beyond this, familiarizing ourselves with the issues of this case, its history, previous discussions with Plaintiff's counsel, previous internal discussions between Mr. Scutero and his supervisor, and the disputed discovery issues, will take time. However, it is necessary in order to not prejudice the defendants and allow a fully formed response to plaintiff's letter.  This is a basic discovery dispute and the one-week extension will allow the issues to either be resolved between the parties or be fully and substantively briefed without need for the discovery deadline to be extended further.

  Accordingly, Defendants respectfully request a one-week enlargement of time, from July 25, 2024 to August 1, 2024, to respond to Plaintiff's Motion for Discovery.

  Thank you for your consideration herein.

Respectfully submitted,

/s/ *Elissa B. Jacobs*

Elissa Jacobs
*Senior Counsel*

cc: **By ECF**
   Remy Green, Esq.
   *Attorney for Plaintiff*

---

[2] Plaintiff's position has changed from yesterday to today, again delaying defendants' ability to submit this letter.