

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **ELISSA JACOBS**<br>*Senior Counsel*<br>phone: (212) 356-3540<br>mobile: (646) 384-5885<br>ejacobs@law.nyc.gov |

August 1, 2024

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: <u>York v. the City of New York, et al.</u>
     22-CV-6432 (OEM) (VMS)

Your Honor:

  I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney representing Defendants the City of New York ("City") and Jorge Garcia in the above-referenced matter. I am writing on behalf of the City and Mr. Garcia to respectfully respond to the Plaintiff's Motion for Discovery and Local Rule 37.2 Conference. *See* ECF No.38.

  By way of background, Plaintiff served her discovery requests on Defendants on October 31, 2023. Following a series of extensions, Defendants served their responses on July 15, 2024. On July 16, 2024, Plaintiff attempted to confer regarding her dissatisfaction with Defendants' responses. Unfortunately, Defendants were unable to meet and confer with Plaintiff as the attorney assigned to this matter, Peter Scutero, would be leaving the Law Department that Friday, July 19, 2024. Plaintiff was informed of Mr. Scutero's departure and Defendants inability to confer within the time frame desired by Plaintiff. On Monday, July 22, 2024, Plaintiff filed her Motion for Discovery. *See* ECF No. 38. This case was reassigned to me on Wednesday, July 24, 2024. That very same day, I entered my appearance as counsel in this matter. (*See* ECF Docket Entry No. 40).

Plaintiff's motion, seeking a conference on a motion to compel compliance with the discovery rules regarding objections and admissions or denials to the requests for admission should be denied, as should the underlying request to compel responses to the disputed requests. "[]The purpose of Fed. R. Civ P. 36 "is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 1997 U.S. Dist. LEXIS 7049 (S.D.N.Y. May 21, 1997) (citing *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir. 1983)(Rule 36 admissions may narrow issues and speed the resolution of claims)). For the reasons set forth below, Defendants respectfully request that Plaintiff's motion be denied.

I.  **The Defendants' Properly Responded to Plaintiff's DRIs.**

Plaintiff's motion first argues that Defendants' responses and objections were deficient for their purported failure to comply with *Fischer v Forrest*, 2017 U.S. Dist LEXIS 28102 (S.D.N.Y. 2017). For the reasons set forth below, Defendants respectfully request that Plaintiff's motion be denied.

With respect to Plaintiff's motion, the majority of Plaintiff's eighty-three (83) individual document demands are entirely overbroad and objectionable on their face. First, Plaintiff's demands frequently feature language requesting "all documents" without specifying what entity created them or how they are related to any claims being litigated in this case. Additionally, they often seek documents of which the pursuit would require excessive searches by numerous entities and/or people, which is entirely disproportional to the value of the case.

Plaintiff frequently requests a broad category of documents, lacking any form of specificity which is, in fact, vague and overbroad. For example, Plaintiff requests "all recorded (including NYPD) communications related to a Plaintiff's arrest of the Incident, including by not limited to 911 calls…, 311 calls… texts emails and other digitally recorded communications." See Plaintiff's Document Request No. 15 at 10. The request for "NYPD" documents is only stated in passing, in parenthesis, therefore demanding that Defendants search for any digitally recorded communication from any potential source, at any time, which may have mentioned this incident regardless of its source, time period or relevance. Although Defendants bear a responsibility under *Fischer*, "requests for any and all documents on a broad topic are presumptively improper*." See Fischer v Forrest*, 2017 U.S. Dist LEXIS 28102 (S.D.N.Y. 2017); *Phase One Network, Inc. v Ye,* 2023 U.S. Dist. LEXIS 89535, at 2 (S.D.N.Y. 2023). Plaintiff, however, takes issue with Defendants' objections and requests that the objections be stricken.  In light of the vagueness and overbroad net cast by Plaintiff, Defendants' objections are proper.

At this juncture, it is Defendants' position that their responses to Plaintiff's discovery demands are sufficient and to the extent Plaintiff believes there are documents which have not been produced but should have been and are relevant, Defendants respectfully request that Plaintiff be ordered to specifically identify the documents (with adequate specificity as opposed to broad categories) she seeks so Defendants can respond appropriately.  To the extent Plaintiff takes issue with Defendants' responses that they have withheld any documents, Defendants state that no

documents have been withheld from production other than internal notes from representation interviews with the individual defendants.

Defendants maintain that their Discovery Objections are proper. However, in an effort to readily dispose of this discovery dispute, Defendants agree to amend their Discovery Objections with even more specificity. Defendants request an additional 30 days to amend their discovery objections.

## II. The Defendants' Answers to RFAs 3, 6, 7, 8, 15, 16, 17, 22, 23, 24, 26, 27, 28, and 29 are proper.

Plaintiff alleges that Defendants' objections and responses as to requests for admission Nos. 3, 6, 7, 8, 15, 16, 17, 22, 23, 24, 26, 27, 28, and 29 as are improper and that defendants must provide responses to them as Fed. R. Civ. P. 36(a) requires so. However, Defendants objected on various grounds that explained why Defendants were unable to provide a response, including the ambiguity of terms used, and referencing Defendants and their collective group opinions. As such, Defendants' inability to admit or deny these requests is proper.

Defendants objected to various requests for admission for items on the basis of 'definitions.' In these instances, plaintiff's use of various phrases, including "a woman," "should have," "earshot," "complaints," "search," "reaching," and "NYPD policy," are vague and without a provided definition. These are not general terms, and the dependency of their meaning fails to satisfy the requirement that requests for admission state facts singly so that they can easily be admitted or denied. *T. Rowe Price Small-Cap Fund, Inc.*, 1997 U.S. Dist. LEXIS 7049, at *21; *see Dubin v. E.F. Hutton Group, Inc.,* 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992). Indeed, the definition of these terms may not be understood in the same way by both writer and respondent, rendering it impossible to respond to these requests for admission

Further, as to the request that defendants be compelled to respond to requests to admit which were objected to as beyond knowledge available to Defendants, Defendants' objections are valid. Defendants objected to a number of requests that sought speculation or were intended to harass the Defendants. What constitutes Defendants' ability to respond is a relative matter that depends upon the facts of each case. *See Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989). Here, Plaintiff also seems to seek to apply a collective opinion by all defendants on a single request for admission. Importantly, many of Plaintiff's Requests are less a discovery inquiry and more an attempt to catch Defendants' in a "gotcha" moment. Plaintiff claims that Defendants refuse "to admit or deny basic facts, seemingly only because either answer would be bad." ECF No. 38 at 4. However this is because, many of Plaintiff's requests cannot be admitted of denied without explanation. *See Carver v. Bank of N.Y. Mellon*, No. 15-CV-10180 (JPO) (JLC), 2018 U.S. Dist. LEXIS 164400, at *4 (S.D.N.Y. Sep. 25, 2018) ("[T]he Rule should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation."). Defendants inability to admit or deny plaintiff's unartfully phrased requests are proper.

## III. Defendants Oppose Plaintiff's Proposed Protective Order

3

Defendants object to Plaintiff's proposed protective order on the grounds that it does not mark NYPD personnel and disciplinary documents unrelated to this matter as confidential. Courts have held that while the scope of discovery is generally broad, where disciplinary records "contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found too tenuous to allow discovery." *Estate of Richards v. City of New York*, 2020 U.S. Dist. LEXIS 195458 (S.D.N.Y. Oct. 21, 2020) (quoting *Barrett v. City of New York*, et al., 2006 U.S. Dist. LEXIS 46989 (E.D.N.Y. Jul. 12, 2006)). Discovery in Section 1983 cases regarding disciplinary history is thus "generally limited to complaints *similar* to the conduct alleged in the complaint. Id. (internal citations omitted) (emphasis in original). As such, Defendants request that NYPD personal and disciplinary documents unrelated to this matter be marked as confidential.

### IV.     The Court Should Not Grant Mandatory Costs and Fees

Defendants have not disobeyed Fed. R. Civ. P. 36 or 37. Defendants have completely and fully complied with their discovery obligations and thus Plaintiff is not entitled to costs and fees. While Plaintiff may attempt to portray Defendants inability to meet and confer when requested as calculated, the basic facts of this matter's reassignment necessitated additional time. Attorney Peter Scutero's last day with the Law Department was Friday, July 19, 2024. Plaintiff was informed of Mr. Scutero's departure and Defendants inability to confer within the time frame desired by Plaintiff. Despite this, Plaintiff filed her motion the following Monday, July 22, 2024. The case was reassigned to me and Ms. Ochoa on Wednesday, July 24, 2024. There has been no deliberate delay or noncompliance with discovery obligations by Defendants and as such, Plaintiff is not entitled to costs and fees under Fed. R. Civ. P. 37.

Accordingly, Defendants respectfully request the Court deny Plaintiff's Motion for Discovery.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Elissa B. Jacobs*

Elissa Jacobs
*Senior Counsel*

cc:     **By ECF**
        Remy Green, Esq.
        *Attorney for Plaintiff*